# Exhibit A

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR JACKSON COUNTY

LORI A. GIBSON, fka Lori A. Reed, and )
SHON L. GIBSON, )                          Case No. 12-3290-E9(2)
)
          Plaintiffs, )                  **SUMMONS**
)
          vs. )
)
PNC BANK, NATIONAL ASSOCIATION, )
successor in interest by acquisition and )
merger of First Franklin, a Division of National )
City Bank of Indiana, UBS REAL ESTATE )
SECURITIES, INC.; U.S. BANK NATIONAL )
ASSOCIATION, as Trustee for the Holders )
of First Franklin Mortgage Loan Trust, )
Mortgage Loan Trust, Mortgage Loan )
Asset-Backed Certificates, Series 2005-FF7; )
BANK OF AMERICA, N.A., as Successor )
in Interest to Countrywide Home Loan )
Servicing, LP and BAC Home Loans )
Servicing, LP; and RECONTRUST )
COMPANY, N.A., )
)
          Defendants. )
)

PERSONAL SERVICE
RUSSELL RANCH
DATE: _7/27/12_
TIME: _3:50_
BY: _Ka Von Rogue_ _Karla Rogue_
SIGNATURE / PRINT NAME

**RECEIVED LEGAL DEPARTMENT**

**JUL 2 7 2012**

30870 RUSSELL RANCH ROAD
WESTLAKE VILLAGE CA 91362

**To the above named Defendant:**  RECONTRUST COMPANY, N.A.
c/o Officer or Director
30870 Russell Branch Road
Westlake Village, CA 93162

    IN THE NAME OF THE STATE OF OREGON you are hereby summoned to appear and defend the above captioned proceeding.

NOTICE TO DEFENDANT
READ THESE PAPERS CAREFULLY!

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the Court Clerk or Administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiffs' attorney, or, if the Plaintiff does not have an attorney, proof of service on the Plaintiff.

SUMMONS - 1

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 206
MEDFORD, OR 97501
(541) 776-5035
FAX (541) 779-3306

1    If you have questions, you should see an attorney immediately.  If you need help in

2 finding an attorney, you may call the State Bar's Lawyer Referral Service at (503) 684-3763 or

 toll-free in Oregon at (800) 452-7636/

3

4   DATED this _23rd_ day of July, 2012.

5          G. JEFFERSON CAMPBELL, JR., P.C.

6          G. Jefferson Campbell, Jr., OSB #750611

7          Of Attorneys for Plaintiff

           P.O. Box 296

8          Medford, OR 97501

           (541) 776-5025

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

SUMMONS - 2



CERTIFIED A TRUE COPY

RECEIVED AND FILED
12 JUL -6 PM 3:42
JACKSON COUNTY COURTS
DOCKETED BY:_____

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR JACKSON COUNTY

| | |
|---|---|
| LORI A. GIBSON, fka Lori A. Reed, and SHON L. GIBSON, | ) ) ) Case No.    123290 ☞ |
| Plaintiffs, | ) COMPLAINT |
| vs. | ) *(Claim for Declaratory Relief, ORS 28.010, et seq; Claim for Injunctive Relief)* |
| PNC BANK, NATIONAL ASSOCIATION, successor in interest by acquisition and merger of First Franklin, a Division of National City Bank of Indiana, UBS REAL ESTATE SECURITIES, INC.; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7; BANK OF AMERICA, N.A., as Successor in Interest to Countrywide Home Loan Servicing, LP and BAC Home Loans Servicing, LP; and RECONTRUST COMPANY, N.A., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION (Injunctive Relief Sought) |
| Defendants. | ) ) ) |

Plaintiffs allege as follows:

### GENERAL FACTUAL ALLEGATIONS

1.

At all times material hereto, Plaintiffs Lori A. Gibson, formerly known as Lori A. Reed, and Shon G. Gibson, husband and wife, were residents of Jackson County, Oregon and in possession of a parcel of residential real property with an assigned street of address of 3043 Cody Street, Medford, OR 97504. At all times material hereto, the Plaintiff Lori A. Gibson was the

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5023
FAX (541) 779-3306

COMPLAINT - 1

1    legal owner of this residential real property parcel, having acquired title to this property under a

2    Statutory Warranty Deed, dated April 22, 2005, a copy of which is attached hereto as Exhibit "A"

3    and by reference incorporated herein.  The legal description of this parcel of residential real

4    property is:

5        Lot 62, Block 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, in the
    City of Medford, Jackson County, Oregon, according to the Official Plat
6        thereof, recorded in Volume 15, Page 67, Plat Records.

7    This parcel of residential real property is hereinafter sometimes referred to as "the property," the

8    "residential property" or the "primary residence real property."

9                                            2.

10        At all times material to this action, First Franklin was a division of National City Bank of

11    Indiana, a previously federally chartered, Federal Reserve member, national commercial bank,

12    supervised by the Office of the Comptroller of the Currency (OCC).  Following the first trust

13    deed loan on the residential real property made by the Defendant First Franklin to the Plaintiff

14    Lori A. Gibson, fka Lori A. Reed, in April, 2005, National City Bank of Indiana was acquired by

15    merger by National City Bank, a previously federally chartered, Federal Reserve member,

16    national commercial bank, supervised by the Office of the Comptroller of the Currency (OCC).

17    National City Bank of Indiana was thereafter, in turn, acquired by merger, in June, 2012, by PNC

18    Bank, National Association, which is an existing federally chartered, Federal Reserve member,

19    national commercial bank, supervised by the Office of the Comptroller of the Currency (OCC).

20    Defendant PNC Bank, National Association is the successor in interest to First Federal, a

21    Division of the National City Bank of Indiana, which was the original payee on the promissory

22    note and beneficiary on the Deed of Trust on the residential real property securing this

23    promissory note signed by the Plaintiff Lori A. Gibson, fka Lori A. Reed, on April 21, 2005.

24                                            3.

25        At all times material to this action, Defendant Mortgage Asset Securitization

26    Transactions, Inc. was a foreign Delaware corporation, which engaged in services related to so-

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 779-2525
FAX (541) 779-3306

1    called mortgage-backed securities, including the First Franklin Mortgage Loan Trust, Mortgage

2    Loan Asset-Backed Certificates, Series 2005-FF7, involved in this action.

3                             4.

4         Defendant Bank of America, N.A. is a federally chartered, Federal Reserve member,

5    national commercial bank, supervised by the Office of the Comptroller of the Currency (OCC),

6    and among other activities provides loan servicing on first trust deed loans, including loan

7    servicing on the first trust deed loan on the residential real property involved in this action..

8                             5.

9         At all times material hereto, Defendant ReconTrust Company, N.A. (hereinafter

10   "Defendant ReconTrust") was a wholly owned subsidiary of Bank of America, N.A. and is

11   regulated by the Office of the Comptroller Currency ("OCC"); which is an agency in the U.S.

12   Treasury Department.  Defendant ReconTrust provides document custody, default, and lien

13   release services, including such services related to the first trust deed loan on the residential real

14   property involved in this action.

15                            6.

16        On November 21, 2005, the Plaintiff Lori A. Gibson, then known as Lori A. Reed, a

17   single person, executed a promissory note payable to the First Franklin, a Division of National

18   City Bank of Indiana, in the principal amount of $204,800.00 for use to acquire the residential

19   real property from its prior owners.  This promissory note was secured by a Deed of Trust, dated

20   April 21, 2005, which created a first trust deed lien on the residential real property.  The Deed of

21   Trust indicated that the "borrower" was Lori A. Reed, a single person; the "trustee" was First

22   American Title; the "lender" and "beneficiary" was First Franklin, a Division of National City

23   Bank of Indiana.  The Deed of Trust was recorded on April 26, 2005, as Document No. 2005-

24   023601, in the Official Records of Jackson County, Oregon.  A copy of the Deed of Trust is

25   attached hereto as Exhibit "B" and by reference incorporated herein.

26   //

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 216
MEDFORD, OR 97501
(541) 776-5831
FAX (541) 776-3306

7.

Upon information and belief, based upon a certain Pooling and Servicing Agreement, dated August 1, 2005, providing for the issuance of certain Mortgage Pass-Through Certificates with regard to the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, filed with the United States Securities and Exchange Commission in Washington, DC, and to be further established by discovery conducted in this action, Plaintiffs allege that the promissory note and Deed of Trust were thereafter sold, transferred, and assigned, by some manner or method now unknown to the Plaintiffs and by possible additional transfers, from the First Franklin, a Division of National City Bank of Indiana, ultimately to the Defendant Mortgage Asset Securitization Transactions, Inc., sometime between April 25, 2005 and August 26, 2005.

8.

On information and belief, based upon a certain Pooling and Servicing Agreement, dated August 1, 2005, providing for the issuance of certain Mortgage Pass-Through Certificates with regard to the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, filed with the United States Securities and Exchange Commission in Washington, DC, and to be further established by discovery to be conducted in this action, Plaintiffs allege that the promissory note and Deed of Trust were further sold, transferred, and assigned, by some manner or method now unknown to the Plaintiffs, from the Defendant Mortgage Asset Securitization Transactions, Inc., as a "Depositor," to U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, between August 26, 2005 and September 12, 2005.

9.

Plaintiff Lori A. Gibson, fka Lori A. Reed, was advised shortly after the signing of the above described promissory note and Deed of Trust on the residential real property that she should make her monthly installment payments on the promissory note to Countrywide Home

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 772-3306

COMPLAINT - 4

1  Loan Servicing, LP (hereinafter "Countrywide"), which was servicing this first trust deed loan.

2  Plaintiff Lori A. Gibson, fka Lori A. Reed, thereafter made the regular monthly installment

3  payments on the first trust deed loan to Countrywide. Upon information and belief, based upon

4  internet new accounts, to be further established through discovery conducted in this action,

5  Plaintiffs allege that in January, 2008, Bank of America, N.A., acquired by merger Countrywide.

6  Countrywide continued to service the first trust deed loan on the residential real property until on

7  or about April, 2009, when the Plaintiff Lori A. Gibson, fka Lori A. Reed, was advised that the

8  servicing on the first trust deed loan on the residential property had been assigned to BAC Home

9  Loan Servicing, LP ("BAC Home Loan"), a wholly-owned subsidiary of the Defendant Bank of

10  America, Inc., from Countrywide  In or about July 1, 2011, Defendant Bank of America, N.A.

11  caused BAC Home Loan Servicing, LP to no longer continue to service loans and all such loan

12  servicing was transferred to the Defendant Bank of America, N.A., including the loan servicing

13  on the first trust deed loan on the residential property at issue in this action.

14  10.

15  Commencing in April, 2009, Plaintiffs commenced to have difficulty making the

16  payments on the first trust deed loan on the residential property.

17  11.

18  On August 1, 2011, a document entitled "Assignment of Deed of Trust" was signed by an

19  individual, Lucy Mansourian, as a purported "Assistant Secretary" for "FIRST FRANKLIN A

20  DIVISION OF NAT. CITY BANK OF IN."  This document apparently sought to assign the

21  promissory note and beneficiary interest under the Deed of Trust on the residential real property,

22  which promissory note and beneficiary interest, upon information and belief as alleged above,

23  had already been previously assigned and transferred in 2005 by the First Franklin, a Division of

24  National City Bank of Indiana, to Defendant Mortgage Asset Securitization Transactions, Inc.,

25  and from Defendant Mortgage Asset Securitization Transactions, Inc., as "Depositor," to

26  Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-2026
FAX (541) 779-5306

COMPLAINT - 5

1    Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7. Upon information and

2    belief, as alleged above, the promissory note and beneficiary interest under the Deed of Trust on

3    the residential property was thus not held by "FIRST FRANKLIN A DIVISION OF NAT. CITY

4    BANK OF IN" but by the Defendant U.S. Bank National Association, as Trustee for the Holders

5    as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed

6    Certificates, Series 2005-FF7, when the document entitled "Assignment of Deed of Trust" was

7    signed by Lucy Mansourian. The signature of Lucy Mansourian on the document entitled

8    "Assignment of Deed of Trust" was purportedly acknowledged by a Notary Public of the State of

9    California, Ramon Olivas, and upon information and belief based upon the return after recording

10    information set forth on this document and to be established through further discovery to be

11    undertaken in this action, was signed before this notary public at the Foreclosure Department of

12    the Defendant ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd., CA6-914-01-94,

13    Simi Valley, CA 93063. The document entitled "Assignment of Deed of Trust" was recorded on

14    August 3, 2011, as Document No. 2011-023559, Official Records of Jackson County, Oregon. A

15    copy of the document entitled "Assignment of Deed of Trust" so recorded is attached hereto as

16    Exhibit "C" and by reference incorporated herein.

17                                                    12.

18           On August 1, 2011, a document entitled "Appointment of Successor Trustee" was also

19    signed by the individual, Lucy Mansourian, this time as a purported "Assistant Secretary" for

20    "U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan

21    Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 By its AIF Bank of America,

22    N.A. Successor by Merger to BAC Home Loans Servicing, LP.". This document apparently

23    sought to appoint a new successor trustee, the Defendant ReconTrust Company, N.A., whose

24    address was 1800 Tapo Canyon Rd., CA6-914-01-94, Simi Valley, CA 93063, as the successor

25    trustee under the Deed of Trust on the residential real property that is the subject of this action.

26    The signature of Lucy Mansourian on the document entitled "Assignment of Deed of Trust" was

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 295
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 6

1   also purportedly acknowledged again by Ramon Olivas, a Notary Public of the State of

2   California, and upon information and belief based upon the return after recording information set

3   forth on this document and to be established through further discovery to be undertaken in this

4   action, was signed before this notary public at the Foreclosure Department of the Defendant

5   ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd., CA6-914-01-94, Simi Valley,

6   CA 93063. The document entitled "Appointment of Successor Trustee" was recorded on August

7   3, 2011, as Document No. 2011-023560, Official Records of Jackson County, Oregon.

8   A copy of the document entitled "Appointment of Successor Trustee" so recorded is attached

9   hereto as Exhibit "D" and by reference incorporated herein.

10                                          13.

11          Upon information and belief, based upon known recorded documents in the Official

12  Records of Jackson County, Oregon related to the private trustee foreclosure sale proceeding on

13  the residential real property at issue in this action and as will be further established by discovery

14  conducted in this action, Plaintiffs allege that prior to the signing of the document entitled

15  "Appointment of Successor Trustee," a copy of which is attached to this Complaint as Exhibit

16  "D," no power of attorney instrument appointing the Defendant Bank of America, N.A. as the

17  attorney-in-fact for the Defendant U.S. Bank National Association, as Trustee for the Holders of

18  First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7

19  was signed and properly recorded in the Official Records of Jackson County, Oregon.

20                                          14.

21          On August 1, 2011, a document entitled "Appointment of Successor Trustee" was

22  also signed by the individual, Lucy Mansourian, this time as a purported "Assistant Secretary"

23  for "U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan

24  Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 By its AIF Bank of America,

25  N.A. Successor by Merger to BAC Home Loans Servicing, LP." This document apparently

26  sought to appoint a new successor trustee, the Defendant ReconTrust Company, N.A., whose

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-5306

---

COMPLAINT - 7

1    address was 1800 Tapo Canyon Rd., CA6-914-01-94, Simi Valley, CA 93063, as the successor

2    trustee under the Deed of Trust on the residential real property that is the subject of this action.

3    The signature of Lucy Mansourian on the document entitled "Appointment of Successor Trustee"

4    was also purportedly acknowledged again by Ramon Olivas, a Notary Public of the State of

5    California. Upon information and belief based upon the return after recording information set

6    forth on this document and to be established through further discovery to be undertaken in this

7    action, Plaintiffs allege this document was signed before this notary public at the Foreclosure

8    Department of the Defendant ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd.,

9    CA6-914-01-94, Simi Valley, CA 93063. The document entitled "Appointment of Successor

10   Trustee" was recorded on August 3, 2011, as Document No. 2011-023560, Official Records of

11   Jackson County, Oregon. A copy of the document entitled "Appointment of Successor Trustee"

12   so recorded is attached hereto as Exhibit "D" and by reference incorporated herein.

13                                          15.

14        On August 1, 2011, a document entitled "Notice of Default and Election to Sell" was also

15   signed an individual, "Marisol Justice," as an "Authorized Signer" for "ReconTrust Company,

16   N.A." This document apparently sought to declare a default on the promissory note and Deed of

17   Trust for the first trust deed loan of the residential real property that is the subject of this action

18   and to establish a private trustee foreclosure sale, under the advertisement and sale provisions of

19   Oregon Revised Statutes Chapter 86, for this residential real property, on Monday, December 12,

20   2011, at 10:00 a.m., at the front steps outside the main entrance of the Jackson County

21   Courthouse, 10 South Oakdale, Medford, Jackson County, OR. The signature of "Marisol

22   Justice" on the document entitled "Notice of Default and Election to Sell" was also purportedly

23   acknowledged again by Ramon Olivas, a Notary Public of the State of California. Upon

24   information and belief based upon the return after recording information set forth on this

25   document and to be established through further discovery to be undertaken in this action,

26   Plaintiffs allege this document was signed before this notary public at the Foreclosure

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-5306

COMPLAINT - 8

1   Department of the Defendant ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd.,

2   CA6-914-01-94, Simi Valley, CA 93063. The document entitled "Notice of Default and Election

3   to Sell" was recorded on August 3, 2011, as Document No. 2011-023561, Official Records of

4   Jackson County, Oregon. A copy of the document entitled "Notice of Default and Election to

5   Sell" so recorded is attached hereto as Exhibit "E" and by reference incorporated herein.

6                                   16.

7        On August 8, 2011, a document entitled "Trustee's Notice of Sale" was apparently signed

8   by an individual, Hiedi Recinos, as an "Authorized Signer" for "ReconTrust Company, N.A."

9   This document apparently sought to provide notice to the Plaintiff Lori A. Gibson, fka Lori A.

10   Reed, as the debtor and grantor under the promissory note and Deed of Trust on the first trust

11   deed loan on the residential real property that is the subject of this action, to the Plaintiff Shon

12   Gibson, as a party in possession of this residential real property with his wife, Plaintiff Lori A.

13   Gibson, and to certain junior lienholders and other interested parties, of the election by the

14   beneficiary and trustee under the Deed of Trust to sell the residential real property to satisfy the

15   obligations under the promissory note that the Deed of Trust secured, pursuant to ORS 86.735(3),

16   on Monday, December 12, 2011, at 10:00 a.m., at the front steps outside the main entrance of the

17   Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR. The apparent

18   signature of "Hiedi Recinos" on the document entitled "Trustee's Notice of Sale" was not

19   acknowledged before a Notary Public for the State of California, although the form used for this

20   "Trustee's Notice of Sale" included a notary acknowledgment section that was crossed out.

21   Upon information and belief based upon the name address for "further information" concerning

22   the "Trustee's Notice of Sale" contained on this document and to be established through further

23   discovery to be undertaken in this action, this document was also signed at the Foreclosure

24   Department of the Defendant ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd.,

25   CA6-914-01-94, Simi Valley, CA 93063. On August 10, 2011, a document entitled "Affidavit of

26   Mailing Trustee's Notice of Sale" was apparently signed by an individual, Elizabeth Hatcher, as

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 205
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 9**

1 an "Authorized Signer" for "ReconTrust Company, N.A." The purpose of this "Affidavit of

2 Mailing Trustee's Notice of Sale" appears to have been to establish that the attached "Trustee's

3 Notice of Sale" was mailed by ReconTrust Company, N.A., the trustee named in the notice, from

4 the United States Post Office at Ventura California, on August 10, 20122; to the individuals and

5 legal entities identified on Exhibit A attached to this "Affidavit of Mailing of Trustee's Notice of

6 Sale." The signature of Elizabeth Hatcher on the "Affidavit of Mailing Trustee's Notice of Sale"

7 was acknowledged by a Notary Public of the State of California, Ninoush Samimi, on August 10,

8 2011. Upon information and belief based upon the name and address for the return of the

9 Affidavit of Mailing Trustee's Notice of Sale" after recording contained on this document and to

10 be established through further discovery to be undertaken in this action, Plaintiffs allege this

11 document was also signed at the Foreclosure Department of the Defendant ReconTrust

12 Company, N.A., located at 1800 Tapo Canyon Rd., CA6-914-01-94, Simi Valley, CA 93063.

13 The "Affidavit of Mailing Trustee's Notice of Sale" with the attached "Trustee's Notice of Sale"

14 and Exhibit A of the individuals and legal entities to whom the "Trustee's Notice of Sale" was

15 apparently mailed, was recorded, on December 19, 2011, as part of a packet of documents

16 recorded, in an apparent attempt to comply with the requirements of ORS 86.750(3), at

17 Document No. 2011-038307, Official Records of Jackson County, Oregon. A copy of the

18 document entitled "Affidavit of Mailing Trustee's Notice of Sale" with attached "Trustee's

19 Notice of Sale" and Exhibit A of the individuals and legal entities to whom the "Trustee's Notice

20 of Sale" was apparently mailed, so recorded is attached hereto as Exhibit "F" and by reference

21 incorporated herein.

22             17.

23   On August 5, 2011, a document entitled "NOTICE: YOU ARE IN DANGER OF

24 LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY" was

25 apparently signed by an individual, Juan Rodriguez, as an "Authorized Signer" for "ReconTrust

26 Company, N.A." This document apparently sought to provide a notice to the Plaintiff Lori A.

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. BOX 296
MEDFORD, OR 97501
(541) 776-5015
FAX (541) 779-3306

1   Gibson, fka Lori A. Reed, as the debtor and grantor under the promissory note and Deed of Trust

2   on the first trust deed loan on the residential real property that is the subject of this action, and to

3   the Plaintiff Shon L. Gibson, as a party in possession of this residential real property with his

4   wife, Plaintiff Lori A. Gibson, under the provisions of ORS 86.737. Upon information and belief

5   based upon the name and address for the return of the Affidavit of Mailing Notice of Grantor"

6   after recording contained on this document and to be established through further discovery to be

7   undertaken in this action, Plaintiffs allege this document was also signed at the Foreclosure

8   Department of the Defendant ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd.,

9   CA6-914-01-94, Simi Valley, CA 93063. On August 8, 2011, a document entitled "Affidavit of

10  Mailing Notice to Grantor" was apparently signed by an individual "Juan Rodriguez." The

11  apparent signature of "Juan Rodriguez" on the document entitled "Affidavit of Mailing Notice to

12  Grantor" was acknowledged, on August 8, 2011, before a Notary Public for the State of

13  California, Ninoush Samini. Upon information and belief based upon the name and address for

14  the return of the Affidavit of Mailing Notice of Grantor" after recording contained on this

15  document and to be established through further discovery to be undertaken in this action,

16  Plaintiffs allege that both the "NOTICE: YOU ARE IN DANGER OF LOSING YOUR

17  PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY" and the "Affidavit of

18  Mailing Notice to Grantor" were signed at the Foreclosure Department of the Defendant

19  ReconTrust Company, N.A., located at 1800 Tapo Canyon Rd., CA6-914-01-94, Simi Valley,

20  CA 93063. The "Affidavit of Mailing Notice to Grantor" with the attached "NOTICE: YOU

21  ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION

22  IMMEDIATELY" and an attached Exhibit A of the individuals and legal entities to whom the

23  ""NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT

24  TAKE ACTION IMMEDIATELY"" was apparently mailed, was recorded, on December 19,

25  2011, as part of a packet of documents recorded, in an apparent attempt to comply with the

26  requirements of ORS 86.750(3); at Document No. 2011-038307, Official Records of Jackson

COMPLAINT - 11

1   County, Oregon.  A copy of the document entitled "Affidavit of Mailing Notice to Grantor" with

2   attached "NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO

3   NOT TAKE ACTION IMMEDIATELY" and Exhibit A of the individuals and legal entities to

4   whom the ""NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO

5   NOT TAKE ACTION IMMEDIATELY" was apparently mailed, so recorded is attached hereto

6   as Exhibit "G" and by reference incorporated herein.  The recorded "Affidavit of Mailing Notice

7   to Grantor," "NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO

8   NOT TAKE ACTION IMMEDIATELY" and Exhibit A of the individuals and legal entities to

9   whom the ""NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO

10  NOT TAKE ACTION IMMEDIATELY" was apparently mailed, so recorded, did not have

11  attached to it a "MODIFICATION REQUEST FORM," which was referenced in the ""NOTICE:

12  YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION

13  IMMEDIATELY" document.

14                                    18.

15       On October 14, 2011, a document entitled "Affidavit of Publication" was apparently

16  signed by an individual "Alex De Koekkoek," who was identified therein as the "Principal Clerk

17  of the Medford Mail Tribune newspaper of general circulation."  This document was subscribed

18  and sworn to on October 14, 2011, before a Notary Public for Oregon, Terrie Laine Rogers, in

19  the State of Oregon, County of Jackson.  This "Affidavit of Publication" indicated that an

20  attached "Trustee's Notice of Sale" had been published "in the entire issue of said newspaper for

21  FOUR INSERTIONS in the following issues: September 22, 29, October 6, 13, 2011."

22  The "Affidavit of Publication" had attached to it a document, which appears to have been similar

23  to the "Trustee's Notice of Sale" attached to this Complaint as Exhibit "F", but which was in a

24  different format and which did not have an indicated signature by "Hiedi Recinos," as an

25  "Authorized Signer" for "ReconTrust Company, N.A."  The "Affidavit of Publication" with the

26  attached document similar in format was recorded, on December 19, 2011, as part of a packet of

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 295
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 12

1    documents recorded, in an apparent attempt to comply with the requirements of ORS 86.750(3),

2    at Document No. 2011-038307, Official Records of Jackson County, Oregon. A copy of the

3    document entitled "Affidavit of Publication" with attached document similar in format to the

4    "Trustee's Notice of Sale" so recorded is attached hereto as Exhibit "H" and by reference

5    incorporated herein.

6                                          19.

7           On August 10, 2011, a document entitled "FEI, LLC Affidavit of Posting and Service"

8    was apparently signed by an individual, Linda Gates, in Jackson County, Oregon, in order to

9    attempt to seek to establish that "a copy of the Notice of Trustee's Sale" was served by delivering

10   to or leaving with Lori Reed," who was then indicated to be residing at "3043 Cody Street,

11   Medford, OR 97504," on August 10, 2011, at 1:35 p.m. The "FEI, LLC Affidavit of Posting and

12   Service" was recorded, on December 19, 2011, as part of a packet of documents recorded, in an

13   apparent attempt to comply with the requirements of ORS 86.750(3), at Document No. 2011-

14   038307, Official Records of Jackson County, Oregon. A copy of the document entitled "FEI,

15   LLC Affidavit of Posting and Service" so recorded is attached hereto as Exhibit "I" and by

16   reference incorporated herein. A copy of the "Trustee's Notice of Sale" referenced in the "FEI,

17   LLC Affidavit of Posting and Service" was not attached to this recorded document and it is

18   unclear and unknown to Plaintiffs what specific "Notice of Trustee's Sale" document referenced

19   in this document was actually served on the Plaintiff Lori A. Gibson, fka Lori A. Reed.

20                                         20.

21          Plaintiffs negotiated with Countrywide and BAC Home Loans for over a year after having

22   difficulty in making the monthly installment payments under the first trust deed loan on their

23   primary residence and sought either a loan modification or a refinancing of this first trust deed

24   loan in order to reduce the monthly payments to an amount that they could reasonably afford and

25   that would allow them to remain in possession of their primary residence. Plaintiffs submitted all

26   requested financial information for such a loan modification and/or refinancing to Countrywide

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 206
MEDFORD, OR 97501
(541) 776-5023
FAX (541) 779-3306

COMPLAINT - 13

1  and BAC Home Loans. Plaintiffs were ultimately denied a loan modification and refinancing on

2  their primary residence by BAC Home Loans.

3                                                    21.

4          On September 13, 2011, a document entitled "Affidavit of Compliance with Oregon

5  Revised Statutes 86.750(5) & HB 3610 (2010)" was apparently signed by an individual, Stacey

6  L. Blouin, as "AVP, Servcing Team Manager II Bank of America, NA," in Los Angeles County,

7  California. This document was apparently subscribed and sworn to before a Notary Public for

8  the State of California, Gabriel Alberto Herrera, on September 13, 2011. The purpose of this

9  "Affidavit of Compliance with Oregon Revised Statutes 86.750(5) & HB 3610 (2010)" appears

10  to have been an attempt to establish that the required notice to the grantor on a residential trust

11  deed loan specified in the provisions of the then ORS 86.375(6), which required trustee's

12  conducting private trustee foreclosure sale to advise the debtor and grantor on the trust deed

13  being foreclosed of various options available to the debtor and grantor with regard to the pending

14  private trustee foreclosure sale, including the right to seek a loan modification from the lender or

15  beneficiary, and which loan modification request would have been subject to good faith

16  negotiation obligation on the lender or beneficiary and Bank of America, N.A., as the apparent

17  loan servicing company for the first trust deed loan on the Plaintiffs' primary residence sought to

18  be foreclosed upon in the private trustee foreclosure proceeding. The "Affidavit of Compliance

19  with 86.750(5) & HB 3610 (2010)" so signed indicated that "No Request for Loan Modification

20  Was Timely Received" by the beneficiary under the Deed of Trust on the first trust deed loan on

21  the Plaintiffs' primary residence or "its agent," even though the Plaintiffs had been in prior

22  contact with the loan servicer for the first trust deed seeking a loan modification or refinancing of

23  the first trust deed loan on their primary residence. The "Affidavit of Compliance with

24  86.750(5) & HB 3610 (2010)" was recorded, on December 19, 2011, as part of a packet of

25  documents recorded, in an apparent attempt to comply with the requirements of ORS 86.750(3),

26  at Document No. 2011-038307, Official Records of Jackson County, Oregon. A copy of the

COMPLAINT - 14

1  document entitled "Affidavit of Compliance with 86.750(5) & HB 3610 (2010)" so recorded is

2  attached hereto as Exhibit "J" and by reference incorporated herein.

3                                              22.

4      Upon information and belief based upon the contents of a response letter from the

5  Defendant Bank of America, N.A., dated January 19, 2012, and to be further established through

6  discovery in this action, on December 5, 2011, Plaintiffs requested in writing information from

7  the Defendant Bank of America, N.A., as the apparent loan servicing company and agent for the

8  holder of the promissory note and beneficiary interest under the Deed of Trust for the first trust

9  deed loan that was then the subject of the pending private trustee foreclosure sale being

10 conducted by the Defendant ReconTrust Company, N.A., as Successor Trustee, certain

11 information, including the specific amount to be paid to cure the alleged default, cancel the sale,

12 and reinstate the first trust deed loan on the residential real property under ORS 86.753.

13 Plaintiffs had made arrangements to have these funds, if necessary, made available from Ron

14 Gibson, the father of the Plaintiff Shon L. Gibson.

15                                              23.

16     On December 5, 2011, in an attempt to promptly allow a cure of the default under the first

17 trust deed and to further require compliance by the Defendants ReconTrust Company, N.A. U.S.

18 Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust,

19 Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, and Bank of America, N.A., with

20 Oregon law on private trustee foreclosure sale proceedings, Plaintiff Lori A. Gibson, under her

21 former name in which she had taken title to the residential real property, Lori A. Reed, signed

22 and delivered a Quit Claim Deed temporarily releasing her interest in the residential real property

23 to Ron Gibson. This Quit Claim Deed was thereafter recorded, on December 9, 2011, as

24 Document No. 2011-038226, in the Official Records of Jackson County, Oregon. A copy of this

25 Quit Claim Deed is attached hereto as Exhibit "K" and by reference incorporated herein.

26 //

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5015
FAX (541) 779-3306

24.

On December 14, 2012, Ron Gibson provided a written notice to the Defendant Bank of America, N.A. of the release of the interests in the residential real property to him from the Plaintiff Lori A. Gibson under the Quit Claim Deed attached to this Complaint as Exhibit "K" and further advised the Defendant Bank of America, N.A. of perceived defective nature of the private foreclosure sale proceeding on this residential real property, demanded that this pending private trustee foreclosure sale be stopped, and that he be provided with the amount required to be paid to cure the alleged default on the first trust deed loan on the residential real property.

25.

Defendant Bank of America did not stop the pending private trustee foreclosure sale nor provide information on the amount required to cure the default on the first trust deed loan on the residential real property that was the subject of this pending private trustee foreclosure sale to either the Plaintiffs or Ron Gibson, prior to the attempted private trustee foreclosure sale of the residential real property that occurred on December 19, 2012. Defendant Bank of America, N.A. did not respond to the Plaintiffs and Ron Gibson's prior written notice and request for information on the amount required to cure the default on the first trust deed loan on the residential real property until January 19, 2012 and this response did not agree to cancel the previously attempted sale nor provide information on the amount required to cure the asserted default on the first trust deed loan that was the subject of the private trustee foreclosure proceeding in order to allow this default to be cured and first trust deed loan reinstated under the provisions of ORS 86.753.

26.

As the conditions under which the subject Quit Claim Deed from the Plaintiff Lori A. Gibson, fka Lori A. Reed, to Ron Gibson, was executed have not occurred, because of the failure of the Defendants Bank of America, N.A. and U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5305
FAX (541) 779-3306

COMPLAINT - 16

1  2005-FF7, to provide timely information on the amount required to cure the default on the first

2  trust deed loan on the Plaintiffs' residential real property and to otherwise comply with the

3  requirements of Oregon law with regard to the private trustee foreclosure proceeding under ORS

4  Chapter 86, Ron Gibson has elected to release the interests of the Plaintiff Lori A. Gibson, fka

5  Lori A. Reed, in the residential real property that he previously temporarily acquired under the

6  Quit Claim Deed attached to this Complaint as Exhibit "K", if any, back to the Plaintiff Lori A.

7  Gibson.

8                                          27.

9         Upon information and belief based upon the provisions of a Trustee's Deed hereinafter

10  referenced from the Defendant ReconTrust Company, N.A. to the Defendant U.S. Bank National

11  Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan

12  Asset-Backed Certificates, Series 2005-FF7, and to be further established through discovery to be

13  conducted in this action, the private trustee foreclosure sale, which had been previously noticed

14  to be held on Monday, December 12, 2011, at 10:00 a.m., at the front steps outside the main

15  entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR,

16  in the "Notice of Default and Election to Sell," a copy of which is attached to this Complaint as

17  Exhibit "E", and in the "Trustee's Notice of Sale," a copy of which is attached to this Complaint

18  as Exhibit "F", was not held on the date and time noticed and was further not postponed on the

19  date and time previously noticed by public proclamation to a later date and time certain by the

20  Defendant ReconTrust Company, N.A., its attorney or agent.

21                                          28.

22         A private trustee foreclosure sale for the residential real property at issue in this action

23  was attempted to be held, on December 19, 2011, at 10:00 a.m., by an individual indicated to be

24  an authorized agent for the Defendant ReconTrust Company, N.A., Successor Trustee, but which

25  individual provided no documentation to establish such an agency status on behalf of Defendant

26  ReconTrust Company, N.A. Prior to the private trustee foreclosure sale on December 19, 2011

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5813
FAX (541) 772-3306

COMPLAINT - 17

1   being so conducted by this individual, Plaintiffs and Ron Gibson advised this individual that the

2   procedures utilized in the private trustee foreclosure proceeding did not appear to comply with

3   Oregon law and that the beneficiary and/or loan servicing company on the first trust deed loan on

4   the subject residential real property had not provided timely information to the Plaintiffs nor Ron

5   Gibson of the amount required to cure the default under the trust deed in a timely manner.

6   Notwithstanding this information and the tender of relevant documents to the individual

7   conducting the attempted private trustee foreclosure sale of these circumstances, this individual

8   refused to stop the private trustee foreclosure sale. The individual, however, did provided two

9   facsimile telephone numbers to the Plaintiffs and Ron Gibson, which the individual conducting

10  the attempted private trustee foreclosure sale advised Plaintiffs and Ron Gibson could be utilize

11  to forward the relevant documents to the Defendant Bank of America, N.A., in order to allow the

12  Defendant Bank of America, N.A. to undo the foreclosure sale, if necessary, based upon the

13  impropriety of the prior procedures utilized by the Defendant ReconTrust Company, N.A. and

14  the purported failure of the Defendants U.S. Bank National Association, as Trustee for the

15  Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series

16  2005-FF7, and Bank of America, N.A. to provide Plaintiffs and Ron Gibson with the proper

17  amount required to cure the alleged default on the first trust deed loan on the residential property

18  in a timely manner prior to the conducting of the private trustee foreclosure sale. Plaintiffs and

19  Ron Gibson promptly thereafter attempted, during the morning of December 19, 2011, to telefax

20  from a local retail copying business, the relevant documents to the Defendant Bank of America,

21  N.A., in order to have the private trustee foreclosure sale properly cancelled and to prevent any

22  Trustee's Deed being issued by the Defendant ReconTrust Company, N.A., as a result of this

23  attempted private trustee foreclosure sale. The facsimile numbers provided by the apparent agent

24  for the Defendant ReconTrust Company, N.A., however, were bogus and were not valid

25  facsimile numbers for the Defendant Bank of America, N.A. and Plaintiffs and Ron Gibson were

26  unable to communicate with the Defendant Bank of America, N.A. on December 19, 2011.

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5005
FAX (541) 779-3306

COMPLAINT - 18

29.

The individual conducting the attempted private trustee foreclosure sale of the residential real property on December 19, 2011, at 10:00 a.m., at the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR, failed to publicly announce any credit bid made by the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, at the time of purported auction of the residential real property.

30.

On December 22, 2011, an individual, "G. Herriandez," as "Assistant Vice President" for "ReconTrust Company, N.A" signed a Trustee's Deed with regard to the residential real property, which was apparently intended to transfer title to this real property to the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, as a result of the attempted private trustee foreclosure sale held on December 19, 2011. The signature of "G. Hernandez" was acknowledged before a Notary Public for the State of California, "Jeanine Hoffman," on December 22, 2011. On December 22, 2011, an individual, "Georgia Hernandez," signed a document entitled "Affidavit of Non-Military Service," as the "Assistant Vice President" of "Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing LP." This document was apparently intended to establish that the Plaintiff Lori A. Gibson, fka Lori A. Reed, was not in the military service of the United States under or within the purview of the Service Members Civil Relief Act of 1940, as amended. The signature of "Georgia Hernandez" on the "Affidavit of Non-Military Service" was also acknowledged by "Jeanine Hoffman", as a Notary Public for the State of California, in Ventura County, California. Upon information and belief, based upon the name and address to which the "Affidavit of Non-Military Service" was to be returned after recordation, and to be further established through discovery to be conducted in this action, Plaintiffs allege that the "Trustee's Deed" and the "Affidavit of Non-Military

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-5366

1  Service" were both signed and executed at the offices of the Defendant ReconTrust, Inc. at 1800

2  Tapo Canon Rd., Semi Valley, CA 93063.  A copy of the Trustee's Deed, dated December 22,

3  2011, and the "Affidavit of Non-Military Service" was recorded on December 29, 2011, as

4  Document No. 2011-040379, in the Official Records of Jackson County, Oregon.  A true copy of

5  these recorded documents are attached hereto as Exhibits "L" and "M," respectively.

**FIRST CLAIM FOR RELIEF**

**(Plaintiffs' Claim for Declaratory Judgment)**

6  

7  

8  31.

9  Plaintiffs reallege Paragraphs 1-30 of this Complaint.

10  32.

11  This is a claim for declaratory relief under the Oregon Declaratory Judgment Act, ORS

12  28.010, et seq, to obtain a declaration of rights, quiet title and right to possession in the

13  residential real property which is more particularly described in the legal description to the

14  Statutory Warranty Deed, dated April 22, 2005, which is attached to this Complaint as Exhibit

15  "A," and under the Deed of Trust, dated April 21, 2005, which is attached to this Complaint as

16  Exhibit "B." Plaintiffs' further seek the declaration of such rights, title and possession interests

17  in the subject real property under and pursuant to the applicable provisions of ORS Chapter 86,

18  Oregon SB 628 (2009), certain provisions of the federal Truth in Lending Act now requiring loan

19  servicing companies in the United States to have loss mitigation and loan modification programs

20  for all first trust deed or mortgage loans on primary residences of consumers, and the HAMP

21  Guidelines of the United States Department of Treasury, issued on March 4, 2009, as amended.

22  In this claim for relief, Plaintiffs' seeks a declaratory judgment that a purported private trustee

23  foreclosure sale held on December 19, 2011 by the Defendant ReconTrust Company, N.A. with

24  regard to certain real property described in the legal description set forth in the Notice of Default

25  and Election to Sell (Exhibit "E" to this Complaint); in the Trustee's Notice of Sale (Contained

26  within Exhibit "F" to this Complaint), and in the Trustee's Deed (Exhibit "L" to this Complaint),

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 295
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 20

1  and indicated in each of these documents to have a purported street address of 3043 Cody Street,

2  Medford, OR 97504,was legally invalid and a nullity under Oregon law, and did not lawfully

3  foreclose the Plaintiffs' ownership interests in and right to possession of their primary residence

4  real property described in the legal description of the Statutory Warranty Deed, dated April 22,

5  2005, which is attached to this Complaint as Exhibit "A."

6                                      33.

7       Plaintiffs' residential property which is the subject of his First Claim for Relief in this

8  Complaint is legally described on Exhibit "A" to the Statutory Warranty Deed, dated April 22,

9  2005, which was recorded on April 26, 2005, as Document No. 2005-023600, in the Official

10  Records of Jackson County, Oregon; and a copy of which Statutory Warranty Deed transferring

11  the subject property to the Plaintiff Lori A. Gibson, fka Lori A. Gibson, in fee simple absolute is

12  attached to this Complaint as Exhibit "A."

13                                      34.

14       Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin

15  Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, has no

16  ownership interest in and is not entitled to possession of the Plaintiffs' above described

17  residential property, which has a street address of 3043 Cody Street, Medford, OR 97504, since

18  the purported private trustee foreclosure sale on December 19, 2011, at which Defendant U.S.

19  Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust,

20  Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 purportedly purchased the Plaintiffs'

21  residential real property, was legally invalid, in violation of Oregon and federal law, void, and

22  was a legal nullity. This purported private trustee foreclosure sale did not, therefore, properly

23  and legally foreclose the Plaintiffs' ownerships interest nor their continued right to exclusive

24  possession of their residential real property.

25                                      35.

26       At all times material to this action, ORS 86.705(5) and ORS 86.710 provided, in

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 779-3305
FAX (541) 779-3306

relevant part, the following with regard to the limitation of a private trustee foreclosure sale

under the advertisement and sale provisions of ORS Chapter 86 to real property described in a

trust deed sought to be so foreclosed, to-wit:

> "As used in ORS 86.705 to 86.795, unless the context requires otherwise: * * *.
>
> (5) 'Trust deed' means a deed executed in conformity with ORS 86.705 to 86.795, and conveying an interest in real property to a trustee in trust to secure the performance of an obligation owed by the grantor or other person named in the deed to a beneficiary." ORS 86.705(5); and
>
> "Transfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary. Where any transfer in trust of an interest in real property is made pursuant to the provisions of ORS 86.705 to 86.795 to secure the performance of an obligation, a power of sale is conferred upon the trustee. The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed, executed in conformity with ORS 86.705 to 86.795, may be foreclosed by advertisement and sale in the manner provided in ORS 86.705 to 86.795, or, at the option of the beneficiary, may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property." ORS 86.710.

36.

At all times material to this action, ORS 86.735, provided as follows with regard to the

requirements to foreclose a trust deed by advertisement and sale under the provisions of ORS

Chapter 86, to-wit:

> "The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; and
>
> (2) There is a default by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and
>
> (3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

(4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed, except that:

(a) Subject to ORS 86.010 and the procedural requirements of ORCP 79 and 80, an action may be instituted to appoint a receiver or to obtain a temporary restraining order during foreclosure of a trust deed by advertisement and sale, except that a receiver shall not be appointed with respect to a single-family residence which is occupied as the principal residence of the grantor, the grantor's spouse or the grantor's minor or dependent child.

(b) An action may be commenced for the judicial or nonjudicial foreclosure of the same trust deed as to any other property covered thereby, or any other trust deeds, mortgages, security agreements or other consensual or nonconsensual security interests or liens securing repayment of the debt."

37.

At all times material to this action, ORS 86.753, provided as follows with regard to the requirements to foreclose a trust deed by advertisement and sale under the provisions of ORS Chapter 86, to-wit:

"Discontinuance of foreclosure proceedings after cure of default.

(1) Where a trustee has commenced foreclosure of a trust deed by advertisement and sale, the grantor, the grantor's successor in interest to all or any part of the trust property, any beneficiary under a subordinate trust deed, or any person having a subordinate lien or encumbrance of record on the property, may cure the default or defaults at any time prior to five days before the date last set for the sale. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of cure under the terms of the obligation, other than such portion as would not then be due had no default occurred. Any other default of the trust deed obligation that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, and in addition to paying the sums or tendering the performance necessary to cure the default, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney fees in the amount of:

(a) A total of $ 1,000 for both trustee's fees and attorney fees, or the amount actually charged by the trustee and attorney, whichever is less, if the trust deed is a residential trust deed; or

(b) Reasonable attorney fees and trustee's fees actually charged by the trustee and attorney if the trust deed is not a residential trust deed. Any person entitled to cure the default may, either before or after reinstatement, request any court of competent jurisdiction to determine the reasonableness of the fee demanded or paid as a condition of reinstatement. The court may award attorney fees to the prevailing party. An action to determine reasonable attorney fees or trustee's fees

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

1    under this section shall not forestall any sale or affect its validity."

2

3    (2) After cure of the default under subsection (1) of this section, all proceedings
under ORS 86.740 to 86.755 shall be dismissed by the trustee, and the obligation

4.   and trust deed shall be reinstated and shall remain in force the same as if no
acceleration had occurred."

5

                                    38.

6

7    At all times material to this action, ORS 86.755(1) and (2) provides as following with

regard to the requirements to foreclose a trust deed by advertisement and sale under the

8

provisions of ORS Chapter 86, to-wit:

9

10   "(1) The trustee shall hold the trustee's sale on the date and at the time and place
designated in the notice of sale, which must be at a designated time after 9 a.m.
and before 4 p.m., based on the standard of time set forth in ORS 187.110 and at a

11   designated place in the county or one of the counties where the property is
situated. The trustee may sell the property in one parcel or in separate parcels and

12   shall sell the parcel or parcels at auction to the highest bidder for cash. Any
person, including the beneficiary under the trust deed, but excluding the trustee,

13   may bid at the trustee's sale. The attorney for the trustee, or an agent that the
trustee or the attorney designates, may conduct the sale and act in the sale as the

14   trustee's auctioneer.

15   (2) The trustee or the attorney for the trustee, or an agent that the trustee or the
attorney conducting the sale designates, may postpone the sale for one or more

16   periods totaling not more than 180 days from the original sale date, giving notice
of each adjournment by public proclamation made at the time and place set for

17   sale. The trustee, the attorney or an agent that the trustee or the attorney
designates may make the proclamation."

18

                                    39.

19

20   At all times material to this action, ORS 86.790 provided as follows with regard to the

requirements to foreclose a trust deed by advertisement and sale under the provisions of ORS

21

Chapter 86, to-wit:

22

23   "Qualifications of trustee; appointment of successor trustee; duty of trustee.

24   (1) The trustee of a trust deed under ORS 86.705 to 86.795 shall not be required
to comply with the provisions of ORS chapters 707 and 709 and shall be:

25   (a) Any attorney who is an active member of the Oregon State Bar;

26   (b) A financial institution or trust company, as defined in ORS 706.008, that is
authorized to do business under the laws of Oregon or the United States;

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

(c) A title insurance company authorized to insure title to real property in this state, its subsidiaries, affiliates, insurance producers or branches;

(d) The United States or any agency thereof; or

(e) Escrow agents licensed under ORS 696.505 to 696.590.

(2) An attorney who is a trustee under subsection (1)(a) of this section may represent the beneficiary in addition to performing the duties of trustee.

(3) At any time after the trust deed is executed, the beneficiary may appoint in writing another qualified trustee. If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, the successor trustee shall be vested with all the powers of the original trustee."

40.

Upon information and belief, based upon the failure of the Defendants U.S. Bank and Bank of America, N.A. to provide to Plaintiffs and Ron Gibson requested documentation to establish the prior sale, transfer and assignment of the promissory note signed by the Plaintiff Lori A. Gibson, fka Lori A. Reed, on April 21, 2005, which was originally payable to the First Franklin, a Division of National City Bank of Indiana, and which was secured by the Deed of Trust on the residential real property which is attached to this Complaint as Exhibit "B," and to be further established through discovery conducted in this action, Plaintiffs allege that the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, was never and is not now the holder of the promissory note and beneficiary interest under the Deed of Trust on the residential real property securing the payment of this promissory note, and thus could not properly authorize the private trustee foreclosure proceeding and attempted foreclosure sale on December 19, 2011. As a result, Plaintiffs allege that this private trustee foreclosure proceeding and attempted foreclosure sale was a legal nullity and did not validly foreclose any interests of the Plaintiffs in the residential real property that is the subject of this action.

40.

Alternatively to the allegations of Paragraph 39 of this Complaint, Plaintiffs allege that if

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 206
MEDFORD, OR 97501
(541) 779-5025
FAX (541) 779-5306

COMPLAINT - 25

1    the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin

2    Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, was the

3    holder of the promissory note and beneficiary interest in the Deed of Trust by reason of the

4    separate sales, transfers and assignments, which are indicated in the recitals in the Pooling and

5.    Servicing Agreement, dated August 1, 2005, providing for the issuance of certain Mortgage Pass-

6    Through Certificates with regard to the First Franklin Mortgage Loan Trust, Mortgage Loan

7    Asset-Backed Certificates, Series 2005-FF7, as filed with the United States Securities and

8    Exchange Commission in Washington, DC, then none of these prior sales, transfers and

9    assignments of the promissory note and beneficiary interest under the Deed of Trust in the

10    residential real property which occurred between April 21, 2005, when the promissory note and

11    Deed of Trust on the residential property for the first trust deed loan were executed, and August

12    1, 2011, when the "Appointment of Successor Trustee" document attached to this Complaint as

13    Exhibit "D" was signed, were recorded in the Official Records of Jackson County, Oregon prior

14    to the signing and recording of the "Notice of Default and Election to Sell," a copy of which is

15    attached to this Complaint as Exhibit "E," as required by ORS 86.735(1) for a valid private

16    trustee foreclosure under the advertisement and sale provisions of ORS Chapter 86 to occur on

17    the subject promissory note and Deed of Trust on the residential real property that is the subject

18    of this action.

19                                           40.

20         Upon information and belief based upon information obtained from the Office of the

21    Comptroller of Currency's website, and to be further established through discovery to be

22    conducted in this action, Plaintiffs allege that First Franklin, a Division of National City Bank of

23    Indiana, was no longer a valid and existing legal entity capable of properly signing and delivering

24    the "Assignment of Deed of Trust," dated August 1, 2011, which is attached to this Complaint as

25    Exhibit "C," to the Defendant U.S.Bank National Association, as Trustee for the Holders of First

26    Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, so as

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 26

1   to properly and validly sell, transfer and assign the promissory note and Deed of Trust for the

2   first trust deed loan on the residential property at issue in this action, on August 1, 2011, to the

3   Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage

4   Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7.  As a result, Defendant

5   ReconTrust Company, N.A. was never validly and legally appointed as Successor Trustee for this

6   Deed of Trust pursuant to the "Appointment of Successor Trustee" document attached to this

7   Complaint as Exhibit "D."   Defendant ReconTrust Company, N.A. could thus not validly

8   conduct a private trustee foreclosure proceeding and hold a valid foreclosure sale on this

9   residential real property under the advertisement and sale provisions of ORS Chapter 86.

10                                              41.

11          Upon information and belief based upon the names of the individuals, notaries, dates of

12   execution and other relevant information contained on the documents attached to this Complaint

13   which are alleged to have been signed at the offices of the Defendant ReconTrust Company,

14   N.A., at 1800 Tapo Canyon Road, CA6-014-94, Simi Valley, CA 93063, general knowledge of

15   the "robo signing" admissions previously made by representatives of Defendant ReconTrust

16   Company, N.A. and other companies for private trust deed and judicial foreclosures on loans

17   previously serviced by Countrywide appearing in the media, and to be further established through

18   discovery to be conducted in this action, Plaintiffs allege that the following documents attached

19   to this Complaint were not signed by an authorized officer or agent for the legal entity indicated

20   on these documents to be signing these documents, to-wit:

21          Exhibit "C" - "Assignment of Deed of Trust";

22          Exhibit "D" - "Appointment of Successor Trustee";

23          Exhibit "E" - "Trustee's Notice of Sale";

24          Exhibit "G" - "NOTICE: YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF
                       YOU DO NOT TAKE ACTION IMMEDIATELY"; and

25
            Exhibit "J" - "Affidavit of Compliance With Oregon Revised Statutes 86.750(5) & HB
26                       3610 (2010)."

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 276
MEDFORD, OR 97501
(541) 779-3201
FAX (541) 779-3266

.1    As a result of the lack of legal authority to sign the foregoing documents, Plaintiffs allege upon

2    information and belief that the attempted private trustee foreclosure proceeding and foreclosure

3    sale of the residential property that is the subject of this action was a legal nullity and did not

4    foreclose any interest nor right to possession of the Plaintiffs in their residential real property.

5                             42.

6        At all times material to this action, Defendant Bank of America, N.A., as the loan servicer

7    and agent for the purported beneficiary under the first trust deed loan on the residential property,

8    Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage

9    Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, owed a fiduciary duty to

10    promptly provide, in good faith, to Plaintiff Lori A. Gibson, fka Lori A. Reed, as the debtor on

11    the promissory note and the grantor on the Deed of Trust sought to be foreclosed in the pending

·12    private trustee foreclosure proceeding, and to Ron Gibson, as a successor in interest to the

13    interests of the Plaintiff Lori A. Gibson, fka Lori A. Reed, under the Quit Claim Deed attached to

14    this Complaint as Exhibit "K," information on and the exact amount required to be paid to cure

15    the alleged default on the first trust deed loan that was the subject of the pending private trustee

16    foreclosure proceeding under the provisions of ORS 86.753. This information was required to be

17    promptly provided by the Defendant Bank of America, N.A. in order that the Plaintiffs and/or

18    Ron Gibson could cure this alleged default, cause a cancellation of the pending private trustee

19    foreclosure sale, and have the first trust deed loan on the Plaintiffs' residential real property be

20    reinstated. At all times material to this action, the Plaintiffs and Ron Gibson were ready, willing

21    and able to cause the alleged default on the first trust deed loan to be cured more than five (5)

22    days prior to the attempted private trust deed foreclosure sale on December 19, 2011. Defendant

23    Bank of America, N.A., however, despite the requests of both the Plaintiffs and Ron Gibson to

24    obtain the exact amount to cure the default, did not provide this information to the Plaintiffs or

25    Ron Gibson in order to allow a timely cure of the alleged default under the provisions of ORS

26    86.753.

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-2003
FAX (541) 779-3306

COMPLAINT - 28

40.

Upon information and belief based upon the surrounding circumstances known to exist with regard to the pending private trustee foreclosure sale as alleged in this Complaint, and as will be further established through discovery to be conducted in this action, Plaintiffs allege that Defendant ReconTrust Company, N.A., its attorney or agent purportedly conducting the private trustee foreclosure sale previously and originally noticed for December 12, 2011 failed to make a public proclamation, on December 12, 2011, at the time and place previously noticed for the foreclosure sale that this foreclosure sale was being postponed to December 19, 2011, at 10:00, at the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, Oregon. As a result the attempted private trustee foreclosure sale on December 19, 2011, did not validly foreclose the interests in and right to possession of the their residential real property.

41.

Upon information and belief based upon all the surrounding circumstances alleged as to the private trustee foreclosure sale attempted to be held on December 19, 2011, and as will be further established through discovery to be conducted in this action, Plaintiffs allege that no proper private trustee foreclosure sale was, in fact, held on December 19, 2011, in accordance with the recitals set forth in the Trustee's Deed recorded in the Official Records of Jackson County, Oregon, a copy of which Trustee's Deed is attached to this Complaint as Exhibit "L", and that there was collusion between the collection agent for the purported holder of the promissory note and beneficiary interest on the first trust deed, Defendant Bank of America, N.A.; the Defendant ReconTrust Company, N.A., the purported Successor Trustee conducting the foreclosure sale for the Defendant Bank of America, N.A., and a wholly owned subsidiary of the Defendant Bank of America, N.A.; and the purported purchaser of the property, the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7. As a result of this



collusion, Plaintiffs allege that:

1.  There was a failure by the individual conducting the private trustee foreclosure sale on December 19, 2011, to properly announce the apparent credit bid of the Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, in order that Plaintiffs or Ron Smith could determine whether to make a competing and higher bid on the property; and

2.  The individual conducting the private conducting the private trustee foreclosure sale on December 19, 2011 provided bogus and invalid telefax numbers to the Plaintiffs and Ron Smith to reach the Defendant Bank of America, N.A. on December 19, 2011, and thereby thwart the ability of the Plaintiffs and Ron Smith to have the private trustee foreclosure sale rescinded and avoid the issuance of any Trustee's Deed resulting from this sale.

As a result of the above alleged collusion and improper manner and method in which the private trustee foreclosure sale on December 19, 2011 was conducted, the private trustee foreclosure sale should be avoided and declared by this Court not to have validly foreclosed the Plaintiff's ownership interests in and right to possession of their residential property.

42.

Plaintiffs contend and allege under their First Claim for Relief in this Complaint that a purported private trustee foreclosure sale held on December 19, 2011 by the Defendant ReconTrust Company, N.a. with regard to certain real property described in the legal description set forth in the "Notice of Default and Election to Sell," dated August 1, 2011, which is attached to this Complaint as Exhibit "E"; in the "Trustee's Notice of Sale," dated August 8, 2011, which is attached as Exhibit "F" to this Complaint, and in the "Trustee's Deed," dated December 22, 2011, which is attached to this Complaint as Exhibit ":," was legally invalid and a nullity under Oregon law, and did not lawfully foreclose the Plaintiffs' ownership interests in and right to

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 779-5925
FAX (541) 779-3306

1  possession of their primary residence real property described in the legal description of the

2  Statutory Warranty Deed, dated April 22, 2005, which is attached as Exhibit "A" to this

3  Complaint, and in the legal description for the Deed of Trust, dated April 21, 2005, which is

4  attached as Exhibit "B" to this Complaint, because of the above alleged multiple failures to

5  comply with applicable advertisement and sale provisions of ORS Chapter 86 with regard to the

6  conducting of a private trustee foreclosure sale on residential real property; the failure to comply

7  with the requirements of Oregon SB 628 (2009); and the apparent collusion over the private

8  trustee foreclosure sale held on December 19, 2011.  Plaintiffs' further seek a declaratory

9  judgment under their First Claim for Relief in this Complaint that Plaintiff Lori A. Gibson, fka

10  Lori A. Reed, is the owner in fee simple absolute of the real property described on the legal

11  description attached to the Statutory Warranty Deed, dated April 22, 2005, which is attached to

12  this Complaint as Exhibit "A," and that the Plaintiffs have the exclusive right to possession of

13  this property and their residence located thereon, which has a street address of 3043 Cody Street,

14  Medford, OR 97504, and that the Defendant U.S. Bank National Association, as Trustee for the

15  Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series

16  2005-FF7, nor any other third party obtained any interests in this property, nor a right to

17  possession of the same, by reason of the attempted private trustee foreclosure sale on December

18  19, 2011 and the issuance of the Trustee's Deed, dated December 22, 2011, a copy of which

19  Trustee's Deed is attached to this Complaint as Exhibit "L."

20                                              43.

21       On information and belief, Plaintiff alleges that the Defendants, and each of them,

22  contend that the private trustee foreclosure sale purportedly conducted on December 19, 2011

23  was lawfully and properly conducted in accordance with all the requirements for a private trustee

24  foreclosure sale under applicable state and federal law and regulations, and that the Defendant

25  U.S. Bank National Association, as Trustee for the Holders of First Franklin Mortgage Loan

26  Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, is now entitled to ownership

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. BOX 206
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-5206

1   and possession of the Plaintiffs' residential real property.

2                             44.

3       A concrete controversy exists between the parties and this Court has jurisdiction under

4   the provisions of the Oregon Declaratory Judgment Act, ORS 28.010, et seq, to resolve this

5   controversy, quite title and declare the rights and interests of the parties in the property described

6   in the legal description of the Statutory Warranty Deed, dated April 22, 2005, which is attached

7   to this Complaint as Exhibit "A," and to further determine the right to possession of this property

8   between the parties.

9                             45.

10      Plaintiffs have been required to hire an attorney to represent them in this claim for relief,

11   which alleges, in part, the breach and failure by true holder of the beneficiary interest under the

12   Deed of Trust, dated April 21, 2005, and the holder of the promissory note secured by this Deed

13   of Trust, to comply with the implied covenant of good faith and fair dealing, and the

14   requirements of Oregon law for a private trustee foreclosure sale under the advertisement and

15   sale provisions of ORS Chapter 86.  The Deed of Trust and promissory note provide for the

16   holder's reasonable attorney fees and costs in the event of a breach of the Deed of Trust and

17   promissory note.  Under the reciprocal provisions of ORS 20.096, Plaintiffs are thus entitled to

18   recover their reasonable attorney fees and costs in prosecuting this claim.

19                    **SECOND CLAIM FOR RELIEF**

20                    (Claim for Permanent Injunction)

21                         46.

22      Plaintiff realleges Paragraphs 1 through 45 of this Complaint.

23                         47.

24      Defendant U.S. Bank National Association, as Trustee for the Holders of First Franklin

25   Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7, has recently

26   filed a Residential FED eviction proceeding against Plaintiffs to obtain possession of Plaintiffs'

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. BOX 296
MEDFORD, OR 97501
(541) 776-5225
FAX (541) 779-5306

1  residential real property, pursuant to Defendant U.S. Bank National Association's purported

2  purchase of this property at the alleged private trustee foreclosure sale held on December 19,

3  2011, and the issuance and recording of the Trustee's Deed, dated December 22, 2011, a copy of

4  which is attached to this Complaint as Exhibit "L," transferring certain real property described on

5  the legal description listed in the Trustee's Deed by Defendant ReconTrust Company, N.A., U.S.

6  Bank National Association, et al v. Loria A. Reed, et al, Jackson County Circuit Court Case No.

7  120013153E.

8                                             48.

9       Plaintiffs will suffer irreparable harm, unless the Defendant U.S. Bank National

10  Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan

11  Asset-Backed Certificates, Series 2005-FF7, and its agents, attorneys, and employees, are

12  permanent enjoined and restrained from seeking to obtain possession of the Plaintiffs' residential

13  real property in the future under and by reason of the void and invalid private trustee foreclosure

14  sale held on December 19, 2011, and the Trustee's Deed, dated December 22, 2011, issued to

15  Defendant U.S. Bank National Association, as Defendant U.S. Bank National Association, as

16  Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed

17  Certificates, Series 2005-FF7, by Defendant ReconTrust Company, N.A., and a copy of which

18  Trustee's Deed is attached to this Complaint as Exhibit "L."

19                                             49.

20       Plaintiffs' have no adequate remedy at law.

21                                             50.

22       Defendant U.S. Bank National Association, its agents, attorneys, and employees, should

23  be permanently enjoined and restrained from seeking to obtain possession of the Plaintiffs'

24  residential property under and by reason of the void and invalid private trustee foreclosure sale

25  held on December 19, 2011, and the Trustee's Deed, dated December 22, 2011, issued to the

26  Defendant U.S. Bank National Association, Defendant U.S. Bank National Association, as

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5212
FAX (541) 779-3306

1  Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed

2  Certificates, Series 2005-FF7, by the Defendant ReconTrust Company, N.A., which Trustee's

3  Deed was recorded in the Official Records of Jackson County, Oregon, on August 10, 2010, and

4  a copy of which Trustee's Deed is attached to this Complaint as Exhibit "L."

5      **WHEREFORE**, the Plaintiffs prays that the Court enter a declaratory judgment against

6  the Defendants, and each of them, pursuant to the provisions of the Oregon Declaratory

7  Judgment Act, ORS 28.010, et seq, as follows:

8      1.  Under Plaintiff's First Claim for Relief, as follows:

9      A.  For a declaratory judgment providing that the purported private trustee foreclosure

10  sale held on December 19, 2011 by the Defendant ReconTrust Company, N.A. with regard to

11  certain real property described in the legal description set forth in the "Notice of Default and

12  Election to Sell," dated August 1, 2011, which is attached to this Complaint as Exhibit "E"; in

13  the "Trustee's Notice of Sale," dated August 8, 2011, which is attached to this Complaint as

14  Exhibit "F"; and in a Trustee's Deed, dated December 22, 2011, which is attached to this

15  Complaint as Exhibit "L," was legally invalid and a nullity under Oregon law, and did not

16  lawfully foreclose the Plaintiff Lori A. Gibson, fka Lori A. Reed, ownership interests in and the

17  Plaintiffs' right to possession of their primary residence real property described in the legal

18  description of the Statutory Warranty Deed, dated April 22, 2005, which is attached to this

19  Complaint as Exhibit "A," because of the alleged multiple failures in the First Claim for Relief of

20  Plaintiff's Complaint of the Defendants to comply with applicable advertisement and sale

21  provisions of ORS Chapter 86 with regard to the conducting of a private trustee foreclosure sale

22  on residential real property; the failure to comply with the requirements of Oregon SB 628

23  (2009); and apparent collusion over the private trustee foreclosure sale held on December 19,

24  2011; and

25      B.  That Plaintiff Lori A. Gibson, fka Lori A. Reed, be declared to be the owner in fee

26  simple absolute of the real property described in the legal description in the Statutory Warranty

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEY AT LAW
P.O. Box 296
MEDFORD, OR. 97501
(541) 776-5825
FAX (541) 779-3306

1   Deed, dated April 22, 2005, which is attached to Plaintiff's Complaint as Exhibit "A," and that

2   the Plaintiffs have the exclusive right to possession of this property and their residence located

3   thereon, which has a street address of 3043 Cody Street, Medford, OR 97504; and

4          C.  That the Defendant U.S. Bank National Association, as Trustee for the Holders of

5   First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7,

6   be declared to have obtained no interests in the real property of the Plaintiff Lori A. Gibson, fka

7   Lori A. Reed, described in the legal description in the Statutory Bargain and Sale Deed dated

8   November 11, 2004, which is attached to Plaintiff's Complaint as Exhibit "A," nor a right to

9   possession of the same, by reason of the issuance of the Trustee's Deed, dated December 22,

10  2011, a copy of which Trustee's Deed is attached to Plaintiff's Complaint as Exhibit "L," and

11  that said Trustee's Deed be declared to be void and of no effect;

12         2.  Under Plaintiff's Second Claim for Relief, declaring that Defendant U.S. Bank

13  National Association, as Trustee for the Holders of First Franklin Mortgage Loan Trust,

14  Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 BAC, it's agents,

15  attorneys, and employees, be permanently enjoined and restrained from seeking to obtain

16  possession of the Plaintiffs' real property real property described in the legal description in the

17  Statutory Warranty Deed, dated April 22, 2005, which is attached to this Complaint as Exhibit

18  "A," under and by reason of the void and invalid private trustee foreclosure sale held on

19  December 19, 2011, and the Trustee's Deed, dated December 22, 2011, issued to the Defendant

20  U.S. National Bank, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage

21  Loan Asset-Backed Certificates, Series 2005-FF7,  by the Defendant ReconTrust Company,

22  N.A., a copy of which Trustee's Deed is attached to this Complaint as Exhibit "L"; and

23         3.  For Plaintiffs' reasonable attorney fees and costs and pursuant to ORS 20.096;

24         4.  For Plaintiff's costs and disbursements; and

25         5.  For such other and further equitable relief as the Court finds just and necessary.

26  //

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-5306

COMPLAINT - 35

1    **DATED** this ___6th___ day of July, 2012.

2                                    G. JEFFERSON CAMPBELL, JR., P.C.

3

4                                    _____
                                     G. Jefferson Campbell, Jr., OSB #750611
                                     Of Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306





Jackson County Official Records 2005-023600
R-WD
Cnt=1 Stn=10 CUTTING 04/26/2006 02:00:00 PM
THIS SPACE R $10.00 $5.00 $11.00        Total:$26.00

I, Kathleen S. Beckett, County Clerk for Jackson County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
            Kathleen S. Beckett - County Clerk

After recording return to:
FIRST AMERICAN TITLE

Until a change is requested all tax statements
shall be sent to the following address:
LORI A. REED
3043. Cody Street
Medford OR 97504

File No.: 7161-562151 (DEW)
Date:    April 21, 2005

## STATUTORY WARRANTY DEED

CHARLES D. NICELY and CATHY. NICELY, as tenants by the entirety, Grantor, conveys and
warrants to LORI A. REED, Grantee, the following described real property free of liens and
encumbrances, except as specifically set forth herein:

Lot 62, Block 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, in the City of Medford, Jackson
County, Oregon, according to the Official Plat thereof, recorded in Volume 15, Page 67, Plat
Records.

    This property is free from liens and encumbrances, EXCEPT:

1.    Covenants, conditions, restrictions and/or easements, if any, affecting title, which may appear in
      the public record, including those shown on any recorded plat or survey.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN
VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING
THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE
APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO
DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN
ORS 30.930.

The true consideration for this conveyance is $256,000.00. (Here comply with requirements of ORS 93.030)

Page 1 of 2

EXHIBIT A
Page of 2

APN: 1-074565-0                 Statutory Warranty Deed              File No.: 7161-562151 (DEW)
                                    - continued                     Date: 04/21/2005

Dated this _22_ day of _APRIL_____ 20_05_

_Charles D Nic_____          _Cathy Nicely_____
CHARLES D. NICELY                CATHY NICELY

STATE OF _Arizona_____           )
                                 )ss.
County of _Pinal_____          )

This instrument was acknowledged before me on this _22_ day of _April_____ _05_
by CHARLES D. NICELY and CATHY NICELY.

Notary Public for _Pinal County_
My commission expires: _4/30/07_

NOTARY PUBLIC
STATE OF ARIZONA
Pinal County.
JESUS CORCHADO
My Commission Expires 04/30/07

Page 2 of 2

2

EXHIBIT _A_
Page _2_
of _2_



After Recording Return To:

FIRST FRANKLIN
ATTENTION: RECORDS MANAGEMENT
2150 NORTH FIRST STREET
SAN JOSE, CA 95131

Jackson County Official Records **2005-023601**
R-TD
Cnt=1  Stn=10 CUTTING  04/28/2005 02:00:00 PM
$30.00 $5.00 $11.00          Total=$96.00

I, Kathleen S. Beckett, County Clerk for Jackson County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
          Kathleen S. Beckett - County Clerk

FA-5162151-DW

[Space Above This Line For Recording Data]

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   April 21, 2005   , together with all Riders to this document.
(B) "Borrower" is LORI A. REED, A SINGLE PERSON

Borrower is the trustor under this Security Instrument.
(C) "Lender" is FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN
Lender is a National Association                                    organized and existing under
the laws of United States of America                                , Lender's address is
2150 NORTH FIRST STREET, SAN JOSE, California  95131

. Lender is the beneficiary under this Security Instrument.

(D) "Trustee" is FIRST AMERICAN TITLE

(E) "Note" means the promissory note signed by Borrower and dated   April 21, 2005   . The Note states that Borrower owes Lender Two Hundred Four Thousand Eight Hundred and no/100
Dollars (U.S. $204,800.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   May 01, 2035   .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- [X] Adjustable Rate Rider
- [ ] Condominium Rider
- [ ] Second Home Rider
- [ ] Balloon Rider
- [ ] Planned Unit Development Rider
- [X] Other(s) [specify] Prepay Rider
- [ ] 1-4 Family Rider
- [ ] Biweekly Payment Rider

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
ITEM 1947L1 (0011) MFOR3111          (Page 1 of 12 pages)

4000324442      Form 3038 1/01
GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

EXHIBIT B
Page 1
of 16

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the         COUNTY         of         JACKSON         :
                            [Type of Recording Jurisdiction]                      [Name of Recording Jurisdiction]
LOT 62, BLOCK 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, IN THE CITY OF MEDFORD, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 67, PLAT RECORDS.


which currently has the address of              3043 CODY STREET
                                                      [Street]

        MEDFORD            , Oregon        97504         ("Property Address"):
         [City]                           [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3038 1/01
ITEM 1947L2 (0011) MFOR3111                    (Page 2 of 12 pages) 2                4000324442    GREATLAND ■
                                                                                      To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

EXHIBIT B
Page 2
of 16

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.    Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2.    Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3.    Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3038 1/01
ITEM 1847L3 (0011)  MFOR3111    (Page 3 of 12 pages)  3    4000324442    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

EXHIBIT B
Page   3
of    16

writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.    Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.    Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          4000324442          Form 3038 1/01

ITEM 1818TL4 (0011) MFOR3111          (Page 4 of 12 pages)    4          GREATLAND ■
                                                                         To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.    Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.    Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

OREGON—Single Family –Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3038 1/01
ITEM 1947L3 (0011)  MFOR3111                    (Page 5 of 12 pages)    5.        4000324442        GREATLAND ■
                                                            To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for Monday, December 12, 2011. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property.

The following information applies to you only if you occupy and rent this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant.

If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### FEDERAL LAW REQUIRES YOU TO BE NOTIFIED

IF YOU ARE OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT, FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO MOVE OUT. THE FEDERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days' notice in writing before requiring you to move out. If you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left.

### STATE LAW NOTIFICATION REQUIREMENTS

IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days' notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed-term lease with more than 30 days left.

If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days' notice in writing before requiring you to move out.

IMPORTANT: For the buyer to be required to give you notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE." You must mail or deliver your proof not later than 11/12/2011 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent you paid.

### ABOUT YOUR SECURITY DEPOSIT

Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

### ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE

The business or individual who buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer

ORNOS (07/10)

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.    Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.    Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.    Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance, and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1947L5 (0011)  MFOR3111                    (Page 6 of 12 pages) 6

4000324442              Form 3038 1/01
                        GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a)  Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b)  Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11.  Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT.

ITEM 1947L7 (0011) MFOR3111                                    (Page 7 of 12 pages)

4000324442 .                Form 3038 1/01
                            GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

EXHIBIT B
Page 7
of 16

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of, or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1947L4 (0011)  MFOR3111          (Page 8 of 12 pages)     8

4000324442          Form 3038 1/01
                    GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17.  Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18.  Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19.  Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20.  Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3038 1/01
ITEM 1847L9 (0011) MFOR3111            (Page 9 of 12 pages)            4000324442    GREATLAND ■
                                                            To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it.

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3038 1/01
ITEM 1947L10 (0011)  MFOR3111    (Page 10 of 12 pages)  10    4000324442    GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

24.  **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25.  **Attorneys' Fees.** As used in this Security Instrument and in the Note, attorneys' fees shall include those awarded by an appellate court.

26.  **Protective Advances.** This Security Instrument secures any advances Lender, at its discretion, may make under Section 9 of this Security Instrument to protect Lender's interest in the Property and rights under this Security Instrument.

27.  Required Evidence of Property Insurance.

WARNING

Unless you provide us with evidence of the insurance coverage as required by our contract or loan agreement, we may purchase insurance at your expense to protect our interest. This insurance may, but need not, also protect your interest. If the collateral becomes damaged, the coverage we purchase may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained property coverage elsewhere.

You are responsible for the cost of any insurance purchased by us. The cost of this insurance may be added to your contract or loan balance. If the cost is added to your contract or loan balance, the interest rate on the underlying contract or loan will apply to this added amount. The effective date of coverage may be the date your prior coverage lapsed or the date you failed to provide proof of coverage.

The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by Applicable Law.

OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
ITEM 194711L1 (0011) MFOR3111                    *(Page 11 of 12 pages)*   //

4000324442                  Form 3038 1/01
                            GREATLAND ■
Ta Order Call: 1-800-530-5393 □ Fax 616-791-1131

EXHIBIT B
Page 11
of 16

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 12 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Lori A Reed_____ (Seal)          _____ (Seal)
LORI A. REED                        -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                    -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                    -Borrower                                          -Borrower

Witness:                                        Witness:

_____                  _____


State of Oregon
County of JACKSON

This instrument was acknowledged before me on    4/21/05                    (date) by
LORI A. REED

                                                (person[s] acknowledging).

                                                _M. R. Johnston_____
[OFFICIAL SEAL                                   Notary Public for Oregon
MARION R. JOHNSTON
NOTARY PUBLIC-OREGON
COMMISSION NO. 378095
MY COMMISSION EXPIRES MAR. 8, 2008]

                                                My commission expires: 3/8/08


OREGON—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3038 1/01
ITEM 1947L12 (0011) MFOR3144          (Page 12 of 12 pages)   12        4000324442        GREATLAND ■
                                                                       To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

EXHIBIT B
Page 12
of 16

# PREPAYMENT RIDER

This Prepayment Rider is made this          21st          day of          April 2005          ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or the
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure
Borrower's Note (the "Note") to
FIRST FRANKLIN  A DIVISION OF NAT. CITY BANK OF IN
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

3043 CODY STREET
MEDFORD, OR  97504

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

Except as provided below, Borrower may make a full prepayment or partial prepayment of principal at any
time without paying any charge. However, if within the first          36          months after the date Borrower
executes the Note, Borrower makes a full prepayment (including prepayments occurring as a result of the
acceleration of the maturity of the Note), Borrower must, as a condition precedent to a full prepayment, pay a
prepayment charge on the prepayment of that amount of principal which exceeds 20% of the principal amount
stated in the Note  (the "Excess Principal"). The prepayment charge will equal the interest that would accrue
during a six-month period on the Excess Principal calculated at the rate of interest in effect under the terms of
the Note at the time of the full prepayment.

### NOTICE TO BORROWER

Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a
penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Prepayment Rider.

_____(Seal)          _____(Seal)
LORI A. REED                                  -Borrower                                      -Borrower

_____(Seal)          _____(Seal)
                                              -Borrower                                      -Borrower

_____(Seal)          _____(Seal)
                                              -Borrower                                      -Borrower

Adjustable Rate Prepayment Rider – First Lien – AK, AL, AZ, CA, CO, CT, DC, DE, FL, GA, HI, IA, ID, KS, LA, MA, MD, MN,
MS, MT, ND, NE, NH, NJ, NM, NY, NV, OK, OR, PA, RI, SC, SD, TN, TX, UT, VA, VT, WA, WY

MFCD6026
FF003320                                                                                    4000324442

*13*

# ADJUSTABLE RATE RIDER
### (LIBOR 6 Month Index (As Published In The Wall Street Journal) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this      21st      day of      April 2005
, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
FIRST FRANKLIN  A DIVISION OF NAT. CITY BANK OF IN
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

3043 CODY STREET
MEDFORD, OR 97504
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.   INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of      6.5000%. The Note provides for changes in the interest rate and the monthly payments, as follows:

4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A)  Change Dates
The interest rate I will pay may change on the first day of      May 2008
and on that day every      6th      month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B)  The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new Index that is based upon comparable information. The Note Holder will give me notice of this choice.
(C)  Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding Five and Five Eighths
percentage points (      5.6250%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR 6 MONTH INDEX
(AS PUBLISHED IN THE WALL STREET JOURNAL) – Single Family

ITEM 6407LL1 (C575 LL) D0103)   MFCD8053    *(Page 1 of 3 pages)*   4000324442     GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

*14*

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D)  Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than      9.5000% or less than      6.5000%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One-percentage point(s) (      1.0000%) from the rate of interest I have been paying for the preceding 6      months; subject to the following limits: My interest rate will never be greater than      12.5000%, nor less than      6.5000%.

(E)  Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F)  Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the telephone number of a person who will answer any question I may have regarding the notice.

B.   TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 17 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

ITEM 5407#L2 (C57611) (9910)    MFCD6053      (Page 2 of 3 pages)    4000324442    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax:616-791-1131

*15*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Adjustable Rate Rider.

_Lori A. Reed_ (Seal)
LORI A. REED                -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

                        [Sign Original Only]

ITEM 5407413 (CS701L) (9910)    MFCD6053        (Page 3 of 3 pages)

16

4000324442        GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

EXHIBIT B
Page 16
of 16

Jackson County Official Records  2011-023559
R-ATD
Stn=10 ALONZOKM    08/03/2011 03:34:49 PM
$5.00 $10.00 $5.00 $11.00 $15.00 $3.00    $49.00

I, Christine Walker, County Clerk for Jackson County, Oregon, certify
that the instrument identified herein was recorded in the Clerk records.
· Christine Walker - County Clerk

AFTER RECORDING RETURN TO:

Foreclosure Department
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 10 -0062656

ASSIGNMENT OF DEED OF TRUST

For Valuable Consideration, the undersigned, FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, as Beneficiary, hereby grants, conveys, assigns, and transfers to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7, C/O BANK OF AMERICA, N.A., 400 National way, SIMI VALLEY, CA 93065, all beneficial interest under that certain Deed of Trust, dated 04/21/2005, executed by LORI A. REED, A SINGLE PERSON, Grantor(s), to FIRST AMERICAN TITLE, Trustee, and FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, as Beneficiary, recorded on 04/26/2005 as Recorder's fee/file/instrument/microfilm/reception number 2005-023601, Records of Jackson County, Oregon, describing land. There in: as more fully described in said Deed of Trust.

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated AUG 01 2011 , 20

FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN

By: _____ AUG 01 2011
Lucy Mansourian , Assistant Secretary

STATE OF California )
                                      ) ss
COUNTY OF Ventura )

On AUG 01 2011 , before me, RAMON OLIVAS , notary public, personally appeared LUCY MANSOURIAN , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public in and for the State of California
Residing at LOS ANGELES
My Commission Expires: JAN 05 2013

RAMON OLIVAS

RAMON OLIVAS
Commission # 1829365
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2013

EXHIBIT C
Page 1
of 1

After recording return to:

RECONTRUST COMPANY, N.A.
400 NATIONAL WAY
SIMI VALLEY, CA 93065
TS No. 2010-62656
TSG No. 10032742 3ORGSI

Jackson County Official Records    2011-023560
R-AT
Stn=10 ALONZOKM    08/03/2011 03:34:49 PM
$10.00 $10.00 $5.00 $11.00 $15.00 $3.00    $54.00

I, Christine Walker, County Clerk for Jackson County, Oregon, certify
that the instrument identified herein was recorded in the Clerk records.
Christine Walker - County Clerk

## APPOINTMENT OF SUCCESSOR TRUSTEE

KNOW ALL MEN BY THESE PRESENTS, that Lori A. Reed, A Single Person, as grantor(s), and First American Title, as the Trustee, and First Franklin A Division Of Nat. City Bank Of In, is the Beneficiary under that certain Trust Deed dated 04/21/2005, and recorded 04/26/2005, as Recorder's fee/file/instrument/microfilm/reception No. 2005-023601 of the Mortgage Records of Jackson County, Oregon; The undersigned, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7, who is the present Beneficiary under said Trust Deed desires to appoint a new trustee in the place and stead of the original trustee named above;

NOW THEREFORE, in view of the premises, the undersigned, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7, hereby appoints RECONTRUST COMPANY, N.A., whose address is 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063, as successor trustee under said Trust Deed, to have all the powers of said original trustee, effective immediately.

In construing this instrument, and whenever the context so requires, the singular includes the plural.

IN WITNESS WHEREOF, the undersigned Beneficiary, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7, has executed this document. If the undersigned, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7, is an entity, it has caused its name to be signed and its seal affixed by an officer or other person duly authorized to do so.

EXHIBIT _D_
Page _1_
of _2_

DATED: _____ AUG 0 1 2011

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7 BY ITS AIF BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP

By _____ AUG 0 1 2011
Name: _____ Lucy Mansourian
Title: _____ Assistant Secretary

STATE OF ____ California ____ )
                              ) ss.
COUNTY OF ____ Ventura ____ )

On ____ AUG 0 1 2011 ____, before me, ____ RAMON OLIVAS ____, personally appeared ____ LUCY MANSOURIAN ____, proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PURJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public for ____ California
My commission expires: ____ JAN 0 5 2013
           RAMON OLIVAS

| APPOINTMENT OF SUCCESSOR TRUSTEE |
| RE: Trust Deed from |
| LORI A REED |
| Grantor |
| To |
| RECONTRUST COMPANY, N.A. |
| Trustee    TS No. 10-0062656 |

RAMON OLIVAS
Commission # 1829355
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2013

EXHIBIT D
Page 2
of 2

Jackson County Official Records   **2011-023561**
R-ND
Stn=10 ALONZOKM    08/03/2011 03:34:49 PM
$10.00 $10.00 $5.00 $11.00 $16.00 $3.00        $54.00

I, Christine Walker, County Clerk for Jackson County, Oregon, certify
that the instrument identified herein was recorded in the Clerk records.
Christine Walker - County Clerk

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 National way
SIMI VALLEY, CA 93065

1103274z3         **NOTICE OF DEFAULT AND ELECTION TO SELL**

Reference is made to that certain Trust Deed made by LORI A. REED, A SINGLE PERSON, as grantors, to FIRST AMERICAN TITLE, as Trustee, in favor of FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, as Beneficiary, dated 04/21/2005, recorded 04/26/2005, in the mortgage records of Jackson County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2005-023601, covering the following described real property situated in said county and state, to wit:

LOT 62, BLOCK 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, IN THE CITY OF MEDFORD, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 67, PLAT RECORDS.

PROPERTY ADDRESS: 3043 CODY STREET
                MEDFORD, OR 97504

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $1,413.32 beginning 04/01/2009; plus late charges of $ 56.18 each month beginning 04/01/2009 payment plus prior accrued late charges of $- 56.18; plus advances of $390.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable; said sums being the following, to wit: $207,437.78 with interest thereon at the rate of 6.5 percent per annum beginning 03/01/2009 plus late charges of $ 56.18 each month beginning 04/01/2009 until paid; plus prior accrued late charges of $- 56.18; plus advances of $390.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above-described real property and its interest therein.

| | |
|---|---|
| NOTICE OF DEFAULT AND ELECTION TO SELL<br>RE: Trust Deed from<br>LORI A REED,<br>　　　　　Grantor<br>　　To<br>RECONTRUST COMPANY, N.A.,<br>　　　　Trustee    TS No. 10-0062656 | For Additional Information:<br>Please Contact<br>Foreclosure Department<br>RECONTRUST COMPANY, N.A.<br>RECONTRUST COMPANY, N.A.<br>1800 Tapo Canyon Rd., CA6-914-01-94<br>SIMI VALLEY, CA 93063<br>(800)-281-8219 |

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

EXHIBIT E
Page 1
of 2

The sale will be held at the hour of 10:00 AM ; in accordance with the standard of time established by ORS 187.110 on Monday, December 12, 2011, at the following place: on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

**AUG 0 1 2011**

MARISOL JUSTICE, Authorized Signer

STATE OF   California   )
                        ) ss.
COUNTY OF  Ventura      )

On   AUG 0 1 2011       before me,       RAMON OLIVAS.    , notary public, personally appeared       MARISOL JUSTICE     , ~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public for   California                          (SEAL)
My commission expires:    JAN 0 5 2013
        RAMON OLIVAS

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.



RAMON OLIVAS
Commission # 1829355
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2013

Page 2 of 2                                    ORNOD (01/10)

EXHIBIT E

Page 2

of

# AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE

STATE OF CALIFORNIA, COUNTY OF VENTURA) ss:

I, Elizabeth Hatcher, the undersigned, being first duly sworn, depose and say and certify that:

At all times hereinafter mentioned, I was and now am a resident of the State of California, a competent person over the age of eighteen years and not the beneficiary or the beneficiary's successor in interest named in the attached original notice of sale given under the terms of that certain trust deed described in said notice.

I gave notice of sale of the real property described in the attached notice of sale by mailing a copy thereof by both first class and certified mail with return receipt requested to each of the following named persons (or their legal representatives, where so indicated) at their respective last known address, to-wit:

See attached Exhibit A for all the mailing address(es).

Said persons include (a) the grantor in the trust deed; (b) any successor in interest to the grantor whose interest appears of record or of whose interest the trustee or the beneficiary has actual notice, (c) any person, including the Department of Revenue or any other state agency, having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest, and (d) any person requesting notice, as required by ORS 86.785.

Each of the notices so mailed was certified to be a copy of the original notice of sale by RECONTRUST COMPANY, N.A., the trustee named in said notice, each such copy was contained in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States post office at VENTURA, CALIFORNIA, 08/10/2011. With respect to each person listed above, one such notice was mailed with postage thereon sufficient for first class delivery to the address indicated, and another such notice was mailed with a proper form to request and obtain a return receipt and postage thereon in the amount sufficient to accomplish the same. Each of said notices was mailed after the notice of default and election to sell described in said notice of sale was recorded and at least 120 days before the day fixed in said notice by the trustee for the trustee's sale,

As used herein, the singular includes the plural, trustee includes successor trustee, and person includes corporation and any other legal or commercial entity.

State of California
County of ___Ventura___

Signature _Elizabeth Hatcher_

Elizabeth Hatcher
**Authorized Signer**

Subscribed and sworn to (or affirmed) before me on this ____ day of AUG 1 0 2011, by _____ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal:

Elizabeth Hatcher

Signature _____ (Seal)



AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE
RE: Trust Deed from Grantor
and LORI A REED

NINOUSH SAMIMI
Commission # 1864483
Notary Public - California
Los Angeles County
My Comm. Expires May 28, 2014

RECONTRUST COMPANY, N.A.
Trustee

TS No. 10-0062656

After Recording return to:
1800 Tapo Canyon Road, CA6-914-01-94
Simi Valley, CA 93063



EXHIBIT F

Page ___
of ___



02 100062656

## AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE
## "EXHIBIT A"

TS No.   10-0062656

LORI A REED
3043 Cody St
Medford, OR 97504
7187 7930 3132 1979 6908                                      08/10/2011

LORI A REED
3043 CODY STREET
MEDFORD, OR 97504
7187 7930 3132 1979 6939                                      08/10/2011

Residents/Occupants
3043 CODY STREET
MEDFORD, OR 97504
7187 7930 3132 1979 6946                                      08/10/2011

PEOPLE'S BANK OF COMMERCE
750 BIDDLE ROAD
MEDFORD, OR 97504
7187 7930 3132 1979 6953                                      08/10/2011

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
P.O. BOX 2026
FLINT, MI 48501-2026
7187 7930 3132 1979 6977                                      08/10/2011

PEOPLE'S BANK OF COMMERCE
P.O. BOX 2026
C/O MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
FLINT, MI 48501-2026
7187 7930 3132 1979 6960                                      08/10/2011

STATE OF OREGON DEPARTMENT OF JUSTICE
PO BOX 14506
CHILD SUPPORT SERVICES
SALEM, OR 97309
7187 7930 3132 1979 6984                                      08/10/2011

STATE OF OREGON DEPARTMENT OF JUSTICE
1162 COURT STREET
C/O ATTORNEY GENERAL DEPARTMENT OF JUSTICE
SALEM, OR 97301-4096
7187 7930 3132 1979 6991                                      08/10/2011

EXHIBIT F
Page 2
of 6



02 100062656

## AFFIDAVIT OF MAILING TRUSTEE'S NOTICE OF SALE
## "EXHIBIT A"

TS No.  10-0062656

CITIBANK                                                          08/10/2011

C/O ISAAC L HAMMER SUTTEL & ASSOCIATES

1450 114TH AVE SE STE 240

BELLEVUE, WA 98004

7187 7930 3132 1979 7004

EXHIBIT F

Page 3

of 6

### TRUSTEE'S NOTICE OF SALE

Reference is made to that certain Trust Deed made by Lori A. Reed, A Single Person, as grantor(s), to First American Title, as Trustee, in favor of First Franklin A Division Of Nat. City Bank Of In, as Beneficiary, dated 04/21/2005, recorded 04/26/2005, in the mortgage records of Jackson County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2005-023601, and subsequently assigned to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7 by Assignment recorded 08/03/2011 in Book/Reel/Volume No. at Page No. as Recorder's fee/file/instrument/microfilm/reception No. 2011-023559, covering the following described real property situated in said county and state, to wit:

LOT 62, BLOCK 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, IN THE CITY OF MEDFORD, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 67, PLAT RECORDS.

PROPERTY ADDRESS:   3043 CODY STREET
                    MEDFORD, OR 97504

Both the Beneficiary and the Trustee have elected to sell the real property to satisfy the obligations that the Trust Deed secures and a notice of default has been recorded pursuant to Oregon Revised Statutes 86.735(3); the default for which the foreclosure is made is grantor's failure to pay when due the following sums: monthly payments of $1,413.32 beginning 04/01/2009; plus late charges of $56.18 each month beginning with the 04/01/2009 payment plus prior accrued late charges of $-56.18; plus advances of $390.00; together with title expense, costs, trustee's fees and attorney fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default the Beneficiary has declared all sums owing on the obligation that the Trust Deed secures are immediately due and payable, said sums being the following to wit: $207,437.78 with interest thereon at the rate of 6.5 percent per annum beginning 03/01/2009 until paid, plus all accrued late charges thereon together with title expense, costs, trustee's fees and attorney fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interests therein.

WHEREFORE, notice hereby is given that RECONTRUST COMPANY, N.A., the undersigned Trustee will on Monday, December 12, 2011 at the hour of 10:00 AM , in accord with the standard of time established by ORS 187.110, at the following place: on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR; sell at public auction to the highest bidder for cash the interest in the described real property which the grantor had or had power to convey at the time of the execution by grantor of the Trust Deed, together with any interest which the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the Trustee. Notice is further given that any person named in ORS 86.753 has the right, at any time that is not later than five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by paying the Beneficiary the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of notice of default that is capable of being cured by tendering the performance required under the obligation that the Trust Deed secures, and in addition to paying said sums or tendering the performance necessary to cure the default by paying all costs and expenses actually incurred in enforcing the obligation that the Trust Deed secures, together with the Trustee's and attorney fees not exceeding the amounts provided by ORS 86.753.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation that the Trust Deed secures, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

*ORNOS (07/10)*

EXHIBIT F
Page 4
of 6

becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you.

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT YOU MADE OR PREPAID RENT YOU PAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR YOUR PREPAID RENT. IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar at 503-684-3763 or toll-free in Oregon at 800-452-7636 and ask for the lawyer referral service. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. For more information and a directory of legal aid programs, go to http://oregonlawhelp.org or contact the Oregon State Bar's lawyer referral service at the phone numbers referenced above.

RECONTRUST COMPANY, N.A.

Dated _____ AUG 0 8 2011 /20

By: _____ Heidi Recinos
Title: Authorized Signer

For further information, please contact:
RECONTRUST COMPANY, N.A.
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
(800)-281-8219
TS No: 10 -0062656

STATE OF _____ )
                         ) ss.
COUNTY OF _____ )

On _____ before me, _____, notary public, personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public for _____
My commission expires: _____                (SEAL)

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

*ORNOS (07/10)*

EXHIBIT F
Page 6
of 6

## AFFIDAVIT OF MAILING NOTICE TO GRANTOR

STATE OF CALIFORNIA, COUNTY OF VENTURA) ss:

I, Juan Rodriguez, the undersigned, being first duly sworn, depose and say and certify that:
At all times hereinafter mentioned, I was and now am a resident of the State of California, a competent person over the age of eighteen years and not the beneficiary or the beneficiary's successor in interest named in the attached original notice given pursuant to the requirements of sections 20 & 21 of Chapter 19, Oregon Laws 2008 (Amending and/or supplementing ORS 86.705 to ORS 86.795).

I gave notice to grantor(s) and occupant(s) of the real property described in the attached notice by mailing a copy thereof by both first class and certified mail with return receipt requested to each of the following named persons (or their legal representatives, where so indicated) at their respective last known address, to-wit:

See attached Exhibit A for all the mailing address(es):

Said persons include (a) the grantor(s) in the trust deed and (b) occupant(s) of the subject property.
Each of the notices so mailed was contained in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States post office at VENTURA, CALIFORNIA, on 08/05/2011. With respect to each person listed above, one such notice was mailed with postage thereon sufficient for first class delivery to the address indicated, and another such notice was mailed with a proper form to request and obtain a return receipt and postage thereon in the amount sufficient to accomplish the same. Each of said notices was mailed after the notice of default and election to sell was recorded and on or before the date of the Notice of Trustee's Sale was mailed, served and/or posted.
As used herein, the singular includes the plural, trustee includes successor trustee, and person includes corporation and any other legal or commercial entity.

AUG 0 8 2011

State of California
County of _____Ventura )                                    Signature _____ Juan Rodriguez _____    Authorized Signer

Subscribed and sworn to (or affirmed) before me on this __8__ day of __August, 2011__, by _____, proved
to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
WITNESS my hand and official seal.                                                     ✦ JUAN RODRIGUEZ

Signature _____ (Seal)
NINOUSH SAMIMI

NINOUSH SAMIMI
Commission # 1884483
Notary Public - California
Los Angeles County
My Comm. Expires Mar 26, 2014

AFFIDAVIT OF MAILING TRUSTEE'S NOTICE TO GRANTOR
RE: Trust Deed from Grantor
and LORI A REED
RECONTRUST COMPANY, N.A.
Trustee
TS No. 10-0062656
After Recording return to:
1800 Tapo Canyon Road, CA6-914-01-94
Simi Valley, CA 93063

EXHIBIT G



02 100062656

# AFFIDAVIT OF MAILING TRUSTEE'S NOTICE TO GRANTOR
## "EXHIBIT A"

TS No.   10-0062656

LORI A REED                                    08/05/2011
3043 Cody St.
Medford, OR 97504
7187 7930 3132 1948 9268

LORI A REED                                    08/05/2011
3043 CODY STREET
MEDFORD, OR 97504
7187 7930 3132 1948 9275

Residents/Occupants                            08/05/2011
3043 CODY STREET
MEDFORD, OR 97504
7187 7930 3132 1948 9282



EXHIBIT G
Form-ornlegalrichlexhibit-(08/08)
Page 2
of    5

## NOTICE:
## YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY

This notice is about your mortgage loan on your property at:

Street address: 3043 CODY STREET
City: MEDFORD       State: OR          ZIP: 97504

Your lender has decided to sell this property because the money due on your mortgage loan has not been paid on time or because you have failed to fulfill some other obligation to your lender. This is sometimes called a 'foreclosure.'

The amount you would have had to pay as of 08/05/11 to bring your mortgage current was $41,020.48. The amount you must now pay to bring your loan current may have increased since that date.

By law, your lender has to provide you with details about the amount you owe, if you ask. You may call 888-219-7773 to find out the exact amount you must pay to bring your mortgage loan current and to get other details about the amount you owe.

You may also get these details by sending a request by certified mail to:
    Bank of America, N.A.
    400 National way
    SIMI VALLEY, CA 93065

**THIS IS WHEN AND WHERE YOUR PROPERTY WILL BE SOLD IF YOU DO NOT TAKE ACTION:** 12/12/2011 at 10:00 AM on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR

**THIS IS WHAT YOU CAN DO TO STOP THE SALE:**
1. You can pay the amount past due or correct any other default, up to five days before the sale.
2. You can refinance or otherwise pay off the loan in full anytime before the sale.
3. You can request that your lender give you more time or change the terms of your loan.
4. You can sell your home, provided the sale price is enough to pay what you owe.

There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and phone number of an organization near you, please call the statewide phone contact

EXHIBIT G
PAGE 3
of 5

number at 800-SAFENET (800-723-3638). You may also wish to talk to a lawyer.
If you need help finding a lawyer, you may call the Oregon State Bar's Lawyer
Referral Service at 503-684-3763 or toll-free in Oregon at 800-452-7636 or you
may visit its web site at: www.osbar.org. Legal assistance may be available if you
have a low income and meet federal poverty guidelines. For more information and
a directory of legal aid programs, go to http://www.oregonlawhelp.org.

Your lender may be willing to modify your loan to reduce the interest rate, reduce
the monthly payments or both. You can get information about possible loan
modification by contacting your lender at 800-669-0102 or by visiting.
http://homeloans.bankofamerica.com/en/service-and-support /homeowner-
relief/find-a-solution.html. If you can't reach your lender, you may contact the
trustee at the telephone number at the bottom of this notice. If you have already
entered into a loan modification with your lender, it is possible that you will not be
able to modify your loan again unless your circumstances have changed. Your
lender is not obligated to modify your loan.

You may request to meet with your lender to discuss options for modifying your
loan. During discussions with your lender, you may have the assistance of a
lawyer, a housing counselor or another person of your choosing. To receive a
referral to a housing counselor or other assistance available in your community,
call this toll-free consumer mortgage foreclosure information number: 800-
SAFENET (800-723-3638). Many lenders participate in new federal loan
modification programs. You can obtain more information about these programs
at: http://www.makinghomeaffordable.gov/.

IF YOU WANT TO APPLY TO MODIFY YOUR LOAN, YOU MUST FILL
OUT AND MAIL BACK THE ENCLOSED "MODIFICATION REQUEST
FORM". YOUR LENDER MUST RECEIVE THE FORM BY 09/04/2011,
WHICH IS 30 DAYS AFTER THE DATE SHOWN BELOW.

WARNING: You may get offers from people who tell you they can help you keep
your property. You should be careful about those offers. Make sure you
understand any papers you are asked to sign. If you have questions, talk to a
lawyer or one of the organizations mentioned above before signing.

EXHIBIT 6
Page 4
of 5

Date:  August 5, 2011
TS No.: 10 -62656
Trustee name: RECONTRUST COMPANY, N.A.
Trustee phone number: (800) 281-8219



Juan Rodriguez, Authorized Signer

EXHIBIT G
Page 5
of 5

# Affidavit of Publication

State of Oregon,    )
                    )    ss.
County of Jackson   )

I, Alex De Koekkoek, being first duly sworn, depose and say that I am
the Principal Clerk of the Medford Mail Tribune, newspaper of general
circulation, printed and published in Medford in the aforesaid county
and state; that the

TRUSTEE'S NOTICE OF SALE

1006.141810 REED, LORI A

A printed copy of which is hereto annexed, was published in the entire
issue of said newspaper for FOUR INSERTIONS in the following issues:
September 22, 29, October 6, 13, 2011



Subscribed and sworn to before me this 14TH day of October, 2011.

_____
Notary public for Oregon

OFFICIAL SEAL
TERRIE LAINE ROGERS
NOTARY PUBLIC-OREGON
COMMISSION NO. 454095
MY COMMISSION EXPIRES NOVEMBER 28, 2014

EXHIBIT H
Page 1
of 2

TRUSTEE'S NOTICE OF SALE Reference is made to that certain Trust Deed made by LORI A. REED, A SINGLE PERSON, as grantor(s), to FIRST AMERICAN TITLE, as Trustee, in favor of FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, as Beneficiary, dated 04/21/2005, recorded 04/28/2005, in the mortgage records of Jackson County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2005-023601, and subsequently assigned to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7 by Assignment recorded 03/03/2011 in Book/Real/Volume No. N/A at Page No. N/A as Recorder's fee/ file/instrument/microfilm/reception No. 2011-023559, covering the following described real property situated in said county and state, to-wit: LOT 82, BLOCK 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, IN THE CITY OF MEDFORD, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 16, PAGE 97, PLAT RECORDS. PROPERTY ADDRESS: 3043 CODY STREET MEDFORD, OR 97504 Both the Beneficiary and the Trustee have elected to sell the real property to satisfy the obligations that the Trust Deed secures and a notice of default has been recorded pursuant to Oregon Revised Statutes 86.735(3); the default for which the foreclosure is made is grantor's failure to pay when due the following sums: monthly payments of $1,413.32 beginning 04/01/2009; plus late charges of $56.18 each month beginning with the 04/01/2009 payment plus prior accrued late charges of $-55.18; plus advances of $390.00; together with title expense, costs, trustee's fees and attorney fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein. By reason of said default the Beneficiary has declared all sums owing on the obligation that the Trust Deed secures are immediately due and payable, said sums being the following to wit: $207,437.78 with interest thereon at the rate of 6.5 percent per annum beginning 03/01/2009 until paid, plus all accrued late charges thereon together with title expense, costs, trustee's fees and attorney fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interests therein. WHEREFORE, notice hereby is given that, RECONTRUST COMPANY, N.A., the undersigned Trustee will on Monday, December 12, 2011 at the hour of 10:00 AM in accord with the standard of time established by ORS 187.110, at the following place: on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR, sell at public auction to the highest bidder for cash the interest in the described real property which the grantor had or had power to convey at the time of the execution by grantor of the Trust Deed, together with any interest which the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the Trustee. Notice is further given that any person named in ORS 86.753 has the right, at any time that is not later than five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by paying to the Beneficiary the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of notice of default that is capable of being cured by tendering the performance required under the obligation that the Trust Deed secures, and in addition to paying said sums or tendering the performance necessary to cure the default by paying all costs and expenses actually incurred in enforcing the obligation that the Trust Deed secures, together with the Trustee's and attorney fees not exceeding the amounts provided by ORS 86.753. In construing this notice, the singular includes the plural, the word "grantor" include their respective successors in interest, if any, as well as any other person owing an obligation, that the Trust Deed secures, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any. Dated: August 08, 2011 RECONTRUST COMPANY, N.A. For further information, please contact: RECONTRUST COMPANY, N.A. 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063 (800)-281-8219 TS No. 10-0052858 1006.141810-FEI

September 22, 29, October 6, 13, 2011

## MAIL TRIBUNE RECEIPT          Receipt No:

Customer:      FEI, LLC          Ad Number: 680801

Sys No:        5234    Acct No: 709803    Phone: 4255861903

Insertion:     Start_Date - 09/22/2011    End_Date - 10/13/2011

Class:         0816    Size: 3 x 6:00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Net Price:     1,595.52    Payment Method: BI    Check No: 0

Amount Paid:   0    Amount Owed: 1595.52

Credit Card:

EXHIBIT H
Page 2
of 2

## FEI, LLC
### Affidavit of Posting and Service

State of Oregon
County of Jackson

Linda Gates, being sworn, says:

- That I am over 18 years of age, a resident of Oregon, and not a party to the proceeding referred to in the attached Notice of Trustee's Sale;

- That my business address is. 40 N. Front Street, Central Point, OR.

- That I personally served a copy of the Notice of Trustee's Sale upon an adult occupant of the real property, commonly referred to as 3043 CODY STREET, MEDFORD, OR 97504 in the manner in which a summons is served by delivering to or leaving with Lori Reed, a person over the age of eighteen (18) years, then residing therein on Wednesday, August 10, 2011, at 01:35 pm.

Signed in Jackson County, Oregon by:

Signature _____

Date ___8/10/11___

State of Oregon
County of __Jackson__

On this __10__ day of __August__ in the year of __2011__, before me a Notary Public, Personally appeared __Linda Gates__, known or identified to me to be the person whose name is subscribed to the within instrument, and being by me first duly sworn, declared that the statements therein are true, and acknowledged to me that he/she executed the same.

Notary Public for Oregon: ___Kristeen L. Martin___

Residing at: ___Central Point, OR___

Commission expires: ___7/23/14___




OFFICIAL SEAL
KRISTEEN L. MARTIN
NOTARY PUBLIC - OREGON
COMMISSION NO. 449767
MY COMMISSION EXPIRES JULY 23, 2014

1008:141810
10-0052656

ReconTrust Company

EXHIBIT I

Page ___
of ___1___

Affidavit of Compliance Oregon SB 628
Re: Trust Deed from
**LORI A REED**
    to
Recon Trust                    File No. 2010-62656

### Affidavit of Compliance with Oregon Revised Statutes 86.750(5) & HB 3610 (2010)

**Beneficiary:** U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7
**Original Loan Amount:** $204,800.00
**Borrower name(s):** LORI A REED
**Property Address:** 3043 CODY STREET, MEDFORD, OR 97504

The undersigned is an employee of the beneficiary or agent of the beneficiary of the trust deed securing the above-referenced loan and states, under penalty of perjury, that the following is true and correct based on my knowledge of the relevant business processes of the beneficiary or agent of the beneficiary and my review of the applicable business records of the beneficiary or agent of the beneficiary:

I am informed and believe, based on my review of applicable business records of the beneficiary or agent of the beneficiary, that the trustee mailed to the borrower(s) identified above the notice required by ORS 86.737 ("Notice to Grantor"). I am informed and believe, based on review of those business records, that along with the Notice to Grantor, the trustee also mailed the form contemplated by ORS 86.737 on which the borrower(s) could elect to ask the beneficiary to consider granting a loan modification and/or ask for a meeting ("Loan Modification Request Form"). The Notice to Grantor and/or Loan Modification Request Form instructed the borrower(s) to submit the completed Loan Modification Request Form as and where provided in the Notice to Grantor and/or Loan Modification Request Form. The Notice to Grantor also provided a deadline date by which the completed Loan Modification Request Form would need to be received from the borrower(s).

I am informed and believe, based on my review of applicable business records of the beneficiary or agent of the beneficiary, which the following circumstances have occurred, as indicated by a mark next to the paragraph(s) in the space provided:

[X]    **No Request for Loan Modification Was Timely Received.** According to my review of applicable business records, the beneficiary (through its agent) did not receive a returned completed Loan Modification Request Form from the borrower(s) requesting a loan modification or a meeting before the deadline set forth in the Loan Modification Request Form.

[]    **Loan Modification Requested. Request Evaluated. Borrower Deemed Ineligible. Request Denied.** Applicable business records of the beneficiary or beneficiary's agent indicate that borrower(s) requested a loan modification within 30 days of the date listed on the Loan Modification Request Form and sent the completed Loan Modification Request Form to beneficiary (or its agent). Applicable business records indicate that (i) the loan modification request was evaluated by the beneficiary's agent within 45 days of receipt; (ii) after considering the most current financial information provided by borrower(s), the beneficiary or beneficiary's agent determined that borrower(s) is/are ineligible for a loan modification; (iii) within 45 days of the beneficiary's or beneficiary's receipt of the completed Loan Modification Request Form, the beneficiary or beneficiary's agent notified borrower(s) that borrower(s) is/are ineligible for a loan modification; and (iv) within 45 days of the beneficiary's receipt of the completed Loan Modification Request Form, the beneficiary or beneficiary's agent provided a written communication outlining the reasons for the determination to the borrower(s).

[]    **Loan Modification Requested. Insufficient Information Provided by Borrower. Request Denied.** Applicable business records of the beneficiary or beneficiary's agent indicate that borrower(s) requested a loan modification within 30 days of the date listed on the Loan Modification Request Form to beneficiary (or its agent). Applicable business records indicate that (i) despite one or more subsequent requests from beneficiary or its agent for additional information, the borrower(s) failed to provide sufficient information to enable beneficiary or beneficiary's agent to determine whether borrower(s) is/are eligible for a loan modification; (ii) within 45 days of the beneficiary's or beneficiary's agent's receipt of the completed Loan Modification Request Form, the beneficiary or beneficiary's agent notified borrower(s) that borrower(s) is/are ineligible for a loan modification; and (iii) beneficiary or beneficiary's agent provided a written communication outlining the reasons for the determination to the borrower(s).

[]    Meeting Requested, But Borrower(s) Did Not Respond to Attempt to Schedule Meeting. No Meeting Occurred. According to my review of applicable business records, borrower(s) returned the completed Loan Modification Request Form and requested a meeting within the required date in the Loan Modification Request Form. Applicable business records of the beneficiary or beneficiary's agent indicate that (i) the beneficiary or beneficiary's agent attempted to contact the borrower(s) within 45 days of receiving the meeting request at the last known mailing address or telephone number or email address provided on the completed Loan Modification Request Form; but (ii) the borrower(s) did not respond within 7 days of attempted contact. Accordingly, no meeting occurred.

[]    Meeting Requested and Occurred. According to my review of applicable business records, borrower(s) returned the completed Loan Modification Request Form and requested a meeting within the required date in the Loan Modification Request Form. Applicable business records indicate that (i) the beneficiary or beneficiary's agent contacted the borrower(s) to schedule a meeting; (ii) a meeting was scheduled and took place between borrower(s) and a representative of the beneficiary or beneficiary's agent who was authorized to modify the loan or was able to obtain authority to modify the loan prior to responding to the loan modification request.

DATED: 9/13/11

By: _____

Typed Name: Stacey L. Blouin

Title: AVP, Servicing Team Manager II

     Bank of America, N.A.

State of California

County of Los Angeles    ) ss.

Subscribed and sworn to (or affirmed) before me on this _13_ day of September, 2011, by Stacey L. Blouin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____

GABRIEL ALBERTO HERRERA
COMM. # 1845253
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires
July 23, 2015

Beneficiary: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7

*SEND TAX STATEMENT TO*
*Ron Gibson*
*PO Box 400*
*Rogue River OR,*
*97537*

Jackson County Official Records **2011-038226**
R-QCD                          12/09/2011 11:07:32 AM
Cnt=1 ALONZOKM
$10.00 $10.00 $5.00 $11.00 $15.00      Total:$54.00
$3.00

01500897201100382280020020.

I, Christine Walker, County Clerk for Jackson County, Oregon, certify that the instrument identified herein was recorded in the Clerk records.
Christine Walker = County Clerk

---

Recording requested by: *Ron Gibson* | Space above reserved for use by Recorder's Office

When recorded, mail to: | Document prepared by:

Name: *Ron Gibson* | Name: *Lori Reed*

Address: *PO Box 400* | Address: *3043 Cody St*

City/State/Zip: *Rogue River, OR 97537* | City/State/Zip: *Medford, OR 97504*

Property Tax Parcel/Account Number: *37 1W 09CD TL 1700 / 1-074565-0*

## Quitclaim Deed

This Quitclaim Deed is made on _*December 5, 2011*_, between _*Lori Reed*_, Grantor, of *3043 Cody St.*, City of *Medford*, State of *Oregon*, and *Ron Gibson*, Grantee, of *3003 Stewart Ave.*, City of *Medford*, State of *Oregon*.

For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at *3043 Cody St.*, City of *Medford*, State of *Oregon*.

*37 1W 09CD TL 1700/ 1-074565-0*

Subject to all easements, rights of way, protective covenants, and mineral reservations of record, if any. Taxes for the tax year of _*2011*_ shall be prorated between the Grantor and Grantee as of the date of recording of this deed.

★NOVA Quitclaim Deed Pg.1 (07-09)

EXHIBIT *K*
Page *1*
of *2*

Lot 62, Block 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, in the City of Medford, Jackson County, Oregon, according to the Official Plat thereof, recorded in Volume 15, Page 67, Plat Records.

Dated: _December 5, 2011_____

_Lori Reed_____
Signature of Grantor

_Lori Reed_____
Name of Grantor

_____        _Shon Gibson_____
Signature of Witness #1        Printed Name of Witness #1

_____        _ROBERT J. BACOLAS_____
Signature of Witness #2        Printed Name of Witness #2

State of _Oregon_        County of _Jackson_____
On _12/5/2011_____, the Grantor, _Lori Reed_____,
personally came before me and, being duly sworn, did state and prove that he/she is the person described in the above document and that he/she signed the above document in my presence.

_____
Notary Signature

> OFFICIAL SEAL
> NEELY N BROUILLETTE
> NOTARY PUBLIC-OREGON
> COMMISSION NO. A467730
> MY COMMISSION EXPIRES APRIL 14, 2015

Notary Public,
In and for the County of _Jackson_        State of _Oregon_
My commission expires: _April 14, 2015_        Seal

Send all tax statements to Grantee.

★NOVA Quitclaim Deed Pg.2 (07-09)

2

After recording return to:

RECONTRUST COMPANY, N.A.
400 National Way
SIMI VALLEY, CA 93065

Until a change is requested all tax statements
shall be sent to the following address:

Same as above

---

## TRUSTEE'S DEED

T.S. No. 10-0062656
Consideration: $135,000.00

THIS INDENTURE, made December 21, 2011 between RECONTRUST COMPANY, N.A. hereinafter called Trustee, and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7 hereinafter called the second party;

### WITNESSETH

RECITALS: LORI A. REED, A SINGLE PERSON, as grantor, executed and delivered to: FIRST AMERICAN TITLE, as Trustee, for the benefit of FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, as beneficiary, a certain Trust Deed dated 04/21/2005, duly recorded on 04/26/2005 in the mortgage records of Jackson County, or as Recorder's fee/file/instrument/microfilm/reception No. 2005-023601.

In said Trust Deed the real property therein and hereinafter described was conveyed by said grantor to said Trustee to secure, among other things, the performance of certain obligations of the grantor to the said beneficiary. The said grantor thereafter defaulted in grantor's performance of the obligations secured by said Trust Deed as stated in the notice of default hereinafter mentioned and such default still existed at the time of the sale hereinafter described.

By reason of said default, the owner and holder of the obligations secured by said Trust Deed, being the beneficiary therein named, or beneficiary's successor in interest, declared all sums so secured immediately due and owing; a notice of default, containing an election to sell the said real property and to foreclose said Trust Deed by advertisement and sale to satisfy grantor's said obligations was recorded in the mortgage records of said county on 08/03/2011, thereof or as fee/file/instrument/microfilm/reception No. 2011-023561 to which reference is now made.

After the recording of said notice of default, as aforesaid, RECONTRUST COMPANY, N.A., the undersigned Trustee gave notice to the grantor(s) and occupant(s) as required by and in accordance with Sections 20 and 21 of Chapter 19, Oregon Laws 2008, (amending and/or supplementing ORS 86.705 to 86.795) by mailing said notice by both first class and certified mail with return receipt requested. The mailing of said notices is shown by an affidavit of mailing recorded prior to sale date. In addition, the undersigned trustee gave notice of the time for and place of sale of said real property as fixed by the Trustee and as required by law, copies of the Trustee's Notice of Sale were served pursuant to ORCP

EXHIBIT L

PAGE 1

OF 3

**TRUSTEE'S DEED**

T.S. No. 10 -0062656

7D.(2) and 7D.(3) or mailed by both first class and certified mail with return receipt requested, to the last-known address of the persons or their legal representatives, if any, named in ORS 86.740 (1) and (2)(a), at least 120 days before the date the property was sold, and the Trustee's Notice of Sale was mailed by first class and certified mail with return receipt requested, to the last-known address of the guardian, conservator, administrator, or executor of any person named in ORS 86.740 (1), promptly after the Trustee received knowledge of the disability, insanity or death of any such person; the Notice of Sale was served, upon occupants of the property described in the Trust Deed in the manner, in which a summons is served pursuant to ORCP 7D.(2) and 7D.(3) at least 120 days before the date the property was sold, pursuant to ORS 86.750(1). If the foreclosure proceedings were stayed and released from stay, copies of an Amended Notice of Sale in the form required by ORS 86.755(6) were mailed by registered or certified mail to the last-known address of those persons listed in ORS 86.740 and 86.750(1) and to the address provided by each person who was present at the time and place set for the sale which was stayed within 30 days after the release from stay. Further, the Trustee published a copy of said notice of sale in a newspaper of general circulation in each county in which the said real property is situated, once a week for four successive weeks; the last publication of said notice occurred more than twenty days prior to the date of such sale. The mailing, service and publication of said notice of sale are shown by one or more affidavits or proof of service duly recorded prior to the date of sale in the records of said county, together with the said notice of default and election to sell and the Trustee's notice of sale, being now referred to and incorporated in and made a part of this Trustee's Deed as fully as if set out herein verbatim. The undersigned Trustee has no actual notice of any person, other than the persons named in said affidavits and proofs as having or claiming a lien on or interest in said described real property, entitled to notice pursuant to ORS 86.740 (1)(b) and (1)(c).

Pursuant to the said notice of sale, the undersigned Trustee on 12/19/2011, at the hour of 10:00 AM, of said day, in accordance with the standard of time established by ORS 187.110, and at the place so fixed for sale, as aforesaid, in full accordance with the laws of the state of Oregon and pursuant to the powers conferred upon said Trustee by said Trust Deed, sold said real property in one parcel at public auction to the said second party for the sum of $135,000.00, said second party being the highest and best bidder at such sale and said sum being the highest and best sum bid for said property. The true and actual consideration paid for this transfer is the sum of $135,000.00.

NOW, THEREFORE, in consideration of the said sum so paid by the second party in cash, the receipt whereof is acknowledged, and by the authority vested in said Trustee by the laws of the State of Oregon and by said Trust Deed, the Trustee does hereby convey unto the second party all interest which the grantor had or had the power to convey at the time of the grantor's execution of said Trust Deed, together with any interest the said grantor or grantor's successors in interest acquired after the execution of said Trust Deed in and to the following described real property to-wit:

LOT 62, BLOCK 1, TABLE ROCK VIEW ESTATES, UNIT NO. 5, IN THE CITY OF MEDFORD, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 67, PLAT RECORDS:

TO HAVE AND TO HOLD the same unto the second party, the second party's heirs, successors-in-interest and assigns forever.

ORTD_2011_Page11

EXHIBIT L

2

of

3

**TRUSTEE'S DEED**

T.S. No. 10-0062656

In constructing this instrument and wherever the context so requires, the singular includes the plural; the word "grantor" includes any successor-in-interest to the grantor as well as each and all other persons owing an obligation, the performance of which is secured by said Trust Deed; the word "Trustee" includes any successor Trustee, the word "beneficiary" includes any successor-in-interest of the beneficiary first named above, and the word "person" includes corporation and any other legal or commercial entity.

BY WITNESS WHEREOF, the undersigned Trustee has hereunto executed this document, if the undersigned is a corporation, it has caused its corporate name to be signed and its seal affixed hereto by an officer duly authorized thereunto by order of its Board of Directors.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES.

RECONTRUST COMPANY, N.A.

DEC 2 2 2011

G. HERNANDEZ    Assistant Vice President

State of California
County of _____ **VENTURA**

Subscribed and sworn to (or affirmed) before me on this ____ day of _____ DEC 2 2 2011 _____, 20 ____, by _____ G. HERNANDEZ _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)

JEANINE HOFFMAN
Commission # 1840486
Notary Public - California
Los Angeles County
My Comm. Expires Apr 11, 2013

Signature _____
JEANINE HOFFMAN

EXHIBIT L
3
of
3



After Recording Return to:
ReconTrust Company N.A.
1800 Tapo Canyon Rd
Simi Valley, CA 93063
TS# 10-0062656

## AFFIDAVIT OF NON-MILITARY SERVICE

### Georgia Hernandez being first duly sworn deposes and says:

That the undersigned Affiant, is over the age of eighteen years and competent to make this affidavit, and says

### LORI A. REED,

not and neither is, in the military service of the United States, within the meaning of the Service Members Civil Relief Act, as amended; that neither person is a member of the United States Marine Corps, Women's Reserve, or Women's Army Auxiliary Corps or Women's Army Corps (WACS), or Women's Coast Guard Reserve (SPARS), or being educated under the supervision of the United States preliminary to induction into the Military Service or under orders to report for induction under the Selective Training and Service Act of 1940, as amended, or as a member of the Enlisted Reserve Corps under orders to report for military service of an American Citizen serving with the forces of any nation allied with the United States in the prosecution of a war, or in the Federal Service or active duty as a member of the Army of the United States, or the United States Navy or the Marine Corps, or the Coast Guard, or as an officer of the Public Health Service within the purview of the Service Members Civil Relief Act of 1940, as amended.

That this affidavit is made for the purpose of enabling, without leave of court first obtained, the Trustee to sell certain property to be sold under the terms of a deed of trust pursuant to the power of sale contained therein.

DATED:    DEC 22 2011

BANK OF AMERICA, N.A. SUCCESSOR BY MERGER
TO BAC HOME LOANS SERVICING LP

By _____    DEC 22 2011
Georgia Hernandez
Assistant Vice President

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF VENTURA          )

Subscribed and sworn to (or affirmed) before me on this _____ day of    DEC 22 2011    20____ by Georgia Hernandez, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JEANINE HOFFMAN
Commission # 1849466
Notary Public - California
Los Angeles County
My Comm. Expires Apr 11, 2013

_____
Notary Public for California
My commission expires:    APR 11 2013

JEANINE HOFFMAN

EXHIBIT M

Page ____
of ____

# Exhibit B

## National Banks Active As of 7/31/2012

| CHARTER NO | NAME | CITY | STATE | CERT | RSSD |
|---|---|---|---|---|---|
| 6112 | Newfirst National Bank | El Campo | TX | 3183 | 938859 |
| 8854 | Nextier Bank, National Association | Evans City | PA | 7879 | 315629 |
| 24107 | Nicolet National Bank | Green Bay | WI | 57038 | 2941068 |
| 24606 | Noble Bank & Trust, National Association | Anniston | AL | 58111 | 3385744 |
| 21107 | North Cascades National Bank | Chelan | WA | 26846 | 119274 |
| 8881 | North Country Bank, National Association | McClusky | ND | 3947 | 942959 |
| 23547 | North Georgia National Bank | Calhoun | GA | 34662 | 2769954 |
| 24519 | North Texas Bank, National Association | Decatur | TX | 57817 | 3280335 |
| 24626 | Northern California National Bank | Chico | CA | 58224 | 3435948 |
| 21071 | Northland National Bank | Gladstone | MO | 26890 | 708052 |
| 24372 | Northwestern Bank, National Association | Dilworth | MN | 9746 | 207555 |
| 24849 | Oak View National Bank | Warrenton | VA | 58827 | 3816190 |
| 24605 | Oakstar Bank, National Association | Springfield | MO | 58115 | 3374412 |
| 8725 | Okey-Vernon First National Bank | Corning | IA | 4442 | 775540 |
| 24730 | Old Dominion National Bank | North Garden | VA | 58504 | 3610718 |
| 17553 | Old Florida National Bank | Orlando | FL | 24244 | 646837 |
| 8846 | Old National Bank | Evansville | IN | 3832 | 208244 |
| 24646 | Old Plank Trail Community Bank, National Association | Mokena | IL | 58314 | 3404207 |
| 23702 | Old Point Trust & Financial Services, National Association | Newport News | VA | 35248 | 2797210 |
| 4596 | Old Second National Bank | Aurora | IL | 3603 | 936136 |
| 22997 | Olmsted National Bank | Rochester | MN | 34171 | 2391588 |
| 14703 | Omnibank, National Association | Houston | TX | 17325 | 26859 |
| 24136 | One Bank & Trust, National Association | Little Rock | AR | 17800 | 568144 |
| 14731 | Ozark Heritage Bank, National Association | Mountain View | AR | 17431 | 913146 |
| 7748 | Ozona National Bank | Ozona | TX | 3376 | 780263 |
| 20010 | Pacific National Bank | Miami | FL | 26299 | 577137 |
| 17967 | Panola National Bank | Carthage | TX | 24763 | 1013856 |
| 24538 | Paragon National Bank | Memphis | TN | 57874 | 3288452 |
| 24878 | Park Midway Bank, National Association | St. Paul | MN | 1904 | 798857 |
| 22545 | Patriot National Bank | Stamford | CT | 33928 | 2236821 |
| 15511 | Pekin National Bank | Pekin | IL | 19430 | 864341 |
| 5552 | Peoples Bank, National Association | Marietta | OH | 6544 | 577128 |
| 24456 | Peoples Community National Bank | Bremen | GA | 57686 | 3272956 |
| 21717 | Peoples National Bank | Colorado Springs | CO | 22211 | 602356 |
| 21041 | Peoples National Bank | Niceville | FL | 26687 | 483537 |
| 24396 | Peoples National Bank Leadville | Leadville | CO | 16409 | 390457 |
| 14418 | Peoples National Bank of Kewanee | Kewanee | IL | 926 | 823133 |
| 15161 | Peoples National Bank of Mora | Mora | MN | 18885 | 705556 |
| 9408 | Peoples National Bank, National Association | Mcleansboro | IL | 3809 | 375043 |
| 20493 | Pike National Bank | Mccomb | MS | 26379 | 880332 |
| 15058 | Pikes Peak National Bank | Colorado Springs | CO | 17782 | 643658 |
| 15482 | Pine Bluff National Bank | Pine Bluff | AR | 19371 | 49241 |
| 24083 | Pinnacle National Bank | Nashville | TN | 35583 | 2925666 |
| 21060 | Pioneer Trust Bank, National Association | Salem | OR | 19827 | 852973 |
| 1316 | PNC Bank, National Association | Wilmington | DE | 6384 | 817824 |
| 24491 | Post Oak Bank, National Association | Houston | TX | 57729 | 3274772 |
| 9924 | Powell Valley National Bank | Jonesville | VA | 6863 | 31826 |
| 13226 | Prairie National Bank | Stewardson | IL | 3741 | 408147 |
| 23957 | Premier Bank & Trust, National Association | Wooster | OH | 35385 | 2873075 |
| 24250 | Premier Commercial Bank, National Association | Anaheim | CA | 57231 | 3073199 |
| 20239 | Preston National Bank | Dallas | TX | 26222 | 918459 |
| 22769 | Prime Pacific Bank, National Association | Lynnwood | WA | 34022 | 2304382 |
| 16248 | Progressive Bank, National Association | Wheeling | WV | 10002 | 600129 |
| 17735 | Progressive National Bank of Desoto Parish | Mansfield | LA | 24443 | 675855 |
| 24420 | Provident Community Bank, National Association | Rock Hill | SC | 28997 | 937674 |
| 16405 | Quail Creek Bank, National Association | Oklahoma City | OK | 21848 | 507152 |
| 22905 | Quantum National Bank | Suwanee | GA | 34110 | 2354387 |
| 6207 | Queensborough National Bank & Trust Company | Louisville | GA | 2138 | 960935 |
| 24583 | Rabobank, National Association | Roseville | CA | 23364 | 877369 |
| 5886 | Ramsey National Bank | Devils Lake | ND | 3914 | 987352 |
| 3717 | Range Bank, National Association | Negaunee | MI | 5072 | 355559 |
| 24914 | Raymond James Bank, National Association | St. Petersburg | FL | 33893 | 2193616 |
| 24771 | Raymond James Trust, National Association | St. Petersburg | FL | 33879 | 2163477 |

# Exhibit C

Delaware.gov | Text Only                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

---

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent
Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents

Frequently Asked Questions   View Search Results

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | **0849106** | Incorporation Date / Formation Date: | **01/30/1978** (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | **UBS REAL ESTATE SECURITIES INC.** | | |
| Entity Kind: | **CORPORATION** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

**REGISTERED AGENT INFORMATION**

| Name: | **CORPORATION SERVICE COMPANY** | | |
|---|---|---|---|
| Address: | **2711 CENTERVILLE RD STE 400** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **(302)636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information   [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map   |   about this site   |   contact us   |   translate   |   delaware.gov

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through August 17, 2012.

---

Selected Entity Name: UBS REAL ESTATE SECURITIES INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | UBS REAL ESTATE SECURITIES INC. |
| **DOS ID #:** | 495131 |
| **Initial DOS Filing Date:** | JUNE 15, 1978 |
| **County:** | NEW YORK |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CORPORATION SERVICE CO.
80 STATE ST.
ALBANY, NEW YORK, 12207

**Chairman or Chief Executive Officer**
FRANK BYRNE
677 WASHINGTON BLVD
STAMFORD, CONNECTICUT, 06901

**Principal Executive Office**
UBS REAL ESTATE SECURITIES INC.
1285 AVE OF THE AMERICAS
NEW YORK, NEW YORK, 10019

**Registered Agent**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be

listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by <u>viewing the certificate.</u>

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| DEC 11, 2003 | Actual | UBS REAL ESTATE SECURITIES INC. |
| JUL 17, 2001 | Actual | UBS WARBURG REAL ESTATE SECURITIES INC. |
| MAY 07, 1980 | Actual | PAINE WEBBER REAL ESTATE SECURITIES INC. |
| JUN 15, 1978 | Actual | PAINE WEBBER REAL ESTATE SERVICING INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>          <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS Homepage</u>  |  <u>Contact Us</u>

**Exhibit D**

## National Banks Active As of 7/31/2012

| CHARTER NO | NAME | CITY | STATE | CERT | RSSD |
|---|---|---|---|---|---|
| 2919 | The Third National Bank of Sedalia | Sedalia | MO | 4569 | 611451 |
| 24092 | The Tipton Latham Bank, National Association | Tipton | MO | 1941 | 984856 |
| 22281 | The Trust Company of Toledo, National Association | Holland | OH | 33239 | 1820979 |
| 9803 | The Turbotville National Bank | Turbotville | PA | 7789 | 906410 |
| 8393 | The Union National Bank of Mount Carmel | Mount Carmel | PA | 7631 | 249416 |
| 22241 | The University National Bank of Lawrence | Lawrence | KS | 32606 | 1229198 |
| 12018 | The Upstate National Bank | Ogdensburg | NY | 13748 | 313009 |
| 2036 | The Vinton County National Bank of McArthur | McArthur | OH | 6636 | 754826 |
| 5203 | The Waggoner National Bank of Vernon | Vernon | TX | 5569 | 548267 |
| 8694 | The Yoakum National Bank | Yoakum | TX | 5595 | 311265 |
| 22883 | Thomasville National Bank | Thomasville | GA | 34068 | 2344753 |
| 15817 | Thumb National Bank and Trust Company | Pigeon | MI | 14513 | 698649 |
| 12437 | Titan Bank, National Association | Mineral Wells | TX | 3225 | 328357 |
| 23999 | Tomatobank, National Association | Diamond Bar | CA | 35474 | 2943389 |
| 24789 | Touchmark National Bank | Duluth | GA | 58687 | 3645840 |
| 15980 | Town North Bank, National Association | Dallas | TX | 20727 | 384652 |
| 16708 | Town-Country National Bank | Camden | AL | 22621 | 180537 |
| 4020 | Traders National Bank | Tullahoma | TN | 4970 | 490937 |
| 18358 | Trans Pacific National Bank | San Francisco | CA | 25644 | 403067 |
| 15738 | Tri City National Bank | Oak Creek | WI | 18922 | 242444 |
| 17926 | Triad Bank, National Association | Tulsa | OK | 24677 | 283652 |
| 24397 | Trinity Bank, National Association | Fort Worth | TX | 57543 | 3185896 |
| 10523 | Trustmark National Bank | Jackson | MS | 4988 | 342634 |
| 18427 | Tulsa National Bank | Tulsa | OK | 25806 | 348458 |
| 14434 | Tuscola National Bank | Tuscola | IL | 938 | 598646 |
| 16814 | Twin River National Bank | Clarkston | WA | 22993 | 427960 |
| 24 | U.S. Bank National Association | Cincinnati | OH | 6548 | 504713 |
| 23446 | U.S. Bank National Association ND | Fargo | ND | 34590 | 2582023 |
| 23412 | U.S. Bank Trust Company, National Association | Portland | OR | 34588 | 2567123 |
| 24090 | U.S. Bank Trust National Association | Wilmington | DE | 57047 | 2916963 |
| 23604 | U.S. Bank Trust National Association SD | Sioux Falls | SD | 34813 | 2667920 |
| 24286 | UBS Trust Company, National Association | Wilmington | DE | 57388 | 2864729 |
| 22874 | UMB Bank & Trust, National Association | St. Louis | MO | 34065 | 2337335 |
| 24616 | UMB Bank Arizona, National Association | Scottsdale | AZ | 58155 | 3375080 |
| 23905 | UMB Bank Colorado, National Association | Denver | CO | 19298 | 593753 |
| 23920 | UMB Bank, National Association | Kansas City | MO | 8273 | 936855 |
| 4945 | UMB National Bank of America | Salina | KS | 4768 | 597555 |
| 24047 | Unified Trust Company, National Association | Lexington | KY | 35534 | 2924128 |
| 21541 | Union Bank, National Association | San Francisco | CA | 22826 | 212465 |
| 12425 | Union Center National Bank | Union | NJ | 6431 | 29104 |
| 7236 | Union National Bank | Elgin | IL | 3661 | 963730 |
| 11463 | Union National Bank & Trust Company | Sparta | WI | 5325 | 68448 |
| 24346 | United Bank & Trust National Association | Marshalltown | IA | 57391 | 3103591 |
| 23545 | United Community Bank, National Association | Highland Village | TX | 34665 | 2646813 |
| 23981 | United National Bank | Cairo | GA | 35427 | 2914727 |
| 9384 | United National Bank | Natoma | KS | 4735 | 276159 |
| 21008 | Unity National Bank of Houston | Houston | TX | 26351 | 853251 |
| 14991 | University National Bank | St. Paul | MN | 18561 | 860053 |
| 17733 | Uvalde National Bank | Uvalde | TX | 24465 | 363264 |
| 15790 | Valley National Bank | Passaic | NJ | 9396 | 229801 |
| 15395 | Valley National Bank | Espanola | NM | 19245 | 962854 |
| 17174 | Valley National Bank | Tulsa | OK | 23737 | 347956 |
| 24121 | Vanguard National Trust Company, National Association | Malvern | PA | 57304 | 3045383 |
| 12462 | Vantage Bank Texas, National Association | Refugio | TX | 3405 | 26765 |
| 23849 | Vectra Bank Colorado, National Association | Farmington | NM | 2993 | 933957 |
| 24447 | Veritex Community Bank, National Association | Dallas | TX | 57665 | 3221468 |
| 25024 | Viewpoint Bank, National Association | Plano | TX | 58006 | 878898 |
| 23616 | Virginia National Bank | Charlottesville | VA | 34755 | 2708122 |
| 12591 | Vision Bank, National Association | Ada | OK | 4029 | 241157 |
| 24751 | Vnbtrust, National Association | Charlottesville | VA | 58748 | 3616680 |
| 24685 | Waterford Bank, National Association | Toledo | OH | 58433 | 3588424 |
| 24469 | Webster Bank, National Association | Waterbury | CT | 18221 | 761806 |
| 17202 | Wellington Trust Company, National Association | Boston | MA | 23741 | 692704 |

# Exhibit E

## National Banks Active As of 7/31/2012

| CHARTER NO | NAME | CITY | STATE | CERT | RSSD |
|---|---|---|---|---|---|
| 24442 | 1st Century Bank, National Association | Los Angeles | CA | 57657 | 3247598 |
| 23993 | 1st Colonial National Bank | Collingswood | NJ | 35456 | 2920773 |
| 8709 | 1st National Bank | Lebanon | OH | 6646 | 480723 |
| 13641 | 1st National Bank of South Florida | Homestead | FL | 3564 | 737632 |
| 21319 | 1st National Community Bank | St. Clair Township | OH | 26977 | 1000511 |
| 23752 | AB&T National Bank | Albany | GA | 35029 | 2775151 |
| 15592 | Academy Bank, National Association | Colorado Springs | CO | 19600 | 535753 |
| 22475 | Acadia Trust, National Association | Portland | ME | 33597 | 1962888 |
| 23880 | Access National Bank | Reston | VA | 35189 | 2859903 |
| 14688 | Albany Bank and Trust Company, National Association | Chicago | IL | 17230 | 2732 |
| 13790 | Alerus Financial, National Association | Grand Forks | ND | 3931 | 933256 |
| 23302 | Algonquin State Bank, National Association | Algonquin | IL | 13080 | 585235 |
| 1090 | Alliance Bank, National Association | Syracuse | NY | 7237 | 814216 |
| 23871 | Alliance National Bank | Dalton | GA | 35173 | 2855071 |
| 14206 | Amarillo National Bank | Amarillo | TX | 14531 | 353555 |
| 17479 | Amegy Bank National Association | Houston | TX | 24107 | 676656 |
| 24369 | American Bank and Trust Company, National Association | Davenport | IA | 34955 | 2733263 |
| 16320 | American Bank National Association | Dallas | TX | 21567 | 494654 |
| 22286 | American Bank, National Association | Lemars | IA | 5800 | 345345 |
| 15820 | American Bank, National Association | Corpus Christi | TX | 20241 | 807955 |
| 17319 | American Bank, National Association | Waco | TX | 23886 | 307361 |
| 23521 | American First National Bank | Houston | TX | 34456 | 2694681 |
| 15037 | American Heritage National Bank | Long Prairie | MN | 8843 | 61757 |
| 18613 | American National Bank | Oakland Park | FL | 26398 | 481430 |
| 15435 | American National Bank | Omaha | NE | 19300 | 660655 |
| 17764 | American National Bank | Ardmore | OK | 24472 | 256058 |
| 16617 | American National Bank | Wichita Falls | TX | 22373 | 498362 |
| 22553 | American National Bank - Fox Cities | Appleton | WI | 33812 | 2051127 |
| 9343 | American National Bank and Trust Company | Danville | VA | 6837 | 958727 |
| 24219 | American National Bank of Minnesota | Baxter | MN | 26499 | 306159 |
| 22148 | American National Trust and Investment Management Company | Muncie | IN | 33001 | 1459575 |
| 24716 | American Plus Bank, National Association | Arcadia | CA | 58469 | 3623110 |
| 8031 | Amfirst Bank, National Association | McCook | NE | 5417 | 278957 |
| 24182 | AMG National Trust Bank | Boulder | CO | 57295 | 3015939 |
| 16625 | Anahuac National Bank | Anahuac | TX | 22381 | 424352 |
| 21179 | Anchor Bank, National Association | Saint Paul | MN | 8868 | 900454 |
| 5525 | Anna-Jonesboro National Bank | Anna | IL | 3759 | 855844 |
| 23946 | Armed Forces Bank of California, National Association | San Diego | CA | 35354 | 2845205 |
| 8796 | Armed Forces Bank, National Association | Ft. Leavenworth | KS | 4666 | 983457 |
| 18774 | Arvest Trust Company, National Association | Rogers | AR | 33148 | 1480207 |
| 18432 | Asia Bank, National Association | New York City | NY | 25745 | 810900 |
| 23006 | Asian Pacific National Bank | San Gabriel | CA | 33013 | 1462986 |
| 23695 | Associated Bank, National Association | Green Bay | WI | 5296 | 917742 |
| 23250 | Associated Trust Company, National Association | Milwaukee | WI | 27102 | 1629903 |
| 17434 | Atascosa National Bank | Pleasanton | TX | 24064 | 851060 |
| 23563 | Atlantic National Bank | Brunswick | GA | 34677 | 2727431 |
| 5581 | Austin Bank, Texas National Association | Jacksonville | TX | 3276 | 548351 |
| 3956 | Baker Boyer National Bank | Walla Walla | WA | 2987 | 69678 |
| 23183 | Ballinger National Bank | Ballinger | TX | 34456 | 1429028 |
| 1253 | Ballston Spa National Bank | Ballston Spa | NY | 6959 | 505 |
| 12152 | Banccentral, National Association | Alva | OK | 4033 | 251352 |
| 4975 | Bank First National | Manitowoc | WI | 5304 | 594947 |
| 24077 | Bank of America California, National Association | San Francisco | CA | 25178 | 1443266 |
| 24657 | Bank of America National Trust Delaware | Wilmington | DE | 58527 | 3467006 |
| 23994 | Bank of America Oregon National Association | Portland | OR | 35453 | 2867056 |
| 24592 | Bank of America Rhode Island, National Association | Providence | RI | 58032 | 3344611 |
| 13044 | Bank of America, National Association | Charlotte | NC | 3510 | 480228 |
| 24153 | Bank of Brenham, National Association | Brenham | TX | 57102 | 3042234 |
| 10844 | Bank of Bridger, National Association | Bridger | MT | 2224 | 17950 |
| 16976 | Bank of Brookfield-Purdin, National Association | Brookfield | MO | 9385 | 236256 |
| 20415 | Bank of Desoto National Association | Desoto | TX | 26542 | 638355 |
| 5997 | Bank of Indiana, National Association | Dana | IN | 4331 | 98548 |
| 24754 | Bank of Manhattan, National Association | El Segundo | CA | 58568 | 3596111 |

**Exhibit F**

## National Banks Active As of 7/31/2012

| CHARTER NO | NAME | CITY | STATE | CERT | RSSD |
|---|---|---|---|---|---|
| 23416 | Rbc Bank (Georgia), National Association | Atlanta | GA | 26342 | 3783948 |
| 24571 | RBS Citizens, National Association | Providence | RI | 57957 | 3303298 |
| 24559 | Recontrust Company, National Association | Simi Valley | CA | 58026 | 3313943 |
| 24214 | Regents Bank, National Association | San Diego (La Jolla) | CA | 57177 | 3030697 |
| 24636 | Republicbankaz, National Association | Phoenix | AZ | 58271 | 3596894 |
| 5815 | Resource Bank, National Association | Dekalb | IL | 3701 | 235530 |
| 23903 | River Community Bank, National Association | Martinsville | VA | 35274 | 2856685 |
| 24920 | Rockefeller Trust Company, National Association | New York | NY | 26622 | 62110 |
| 1194 | Rockport National Bank | Rockport | MA | 2644 | 555005 |
| 11008 | Ruby Valley National Bank | Twin Bridges | MT | 2203 | 566551 |
| 16401 | Sabadell United Bank, National Association | Miami | FL | 21837 | 53033 |
| 20948 | Safra National Bank of New York | New York | NY | 26876 | 918918 |
| 18303 | Sage Capital Bank, National Association | Gonzales | TX | 25621 | 448554 |
| 24577 | Saigon National Bank | Westminster | CA | 57974 | 3394380 |
| 24319 | Santa Barbara Bank & Trust, National Association | Santa Barbara | CA | 18169 | 785062 |
| 23642 | Santa Clara Valley Bank, National Association | Santa Paula | CA | 34806 | 2750448 |
| 21530 | Saratoga National Bank and Trust Company | Saratoga Springs | NY | 27290 | 1211371 |
| 12810 | Savannah Bank National Association | Savannah | NY | 14619 | 647414 |
| 24150 | Schaumburg Bank & Trust Company, National Association | Schaumburg | IL | 57103 | 2970657 |
| 14838 | Seacoast National Bank | Stuart | FL | 131 | 34537 |
| 24649 | Seaside National Bank & Trust | Orlando | FL | 58328 | 3487518 |
| 24310 | Securian Trust Company, National Association | St. Paul | MN | 57405 | 3089752 |
| 14578 | Security First National Bank of Hugo | Hugo | OK | 432 | 422657 |
| 13650 | Security National Bank | Witt | IL | 3845 | 151546 |
| 15379 | Security National Bank of Omaha | Omaha | NE | 19213 | 844053 |
| 23226 | Security National Bank of South Dakota | Dakota Dunes | SD | 34394 | 2529176 |
| 24010 | Security National Trust Co. | Wheeling | WV | 57081 | 2912750 |
| 23867 | Security State Bank, National Association | Ore City | TX | 17027 | 903062 |
| 12529 | Shamrock Bank, National Association | Coalgate | OK | 4236 | 300353 |
| 24264 | Signature Bank, National Association | Toledo | OH | 57269 | 3076604 |
| 6680 | Simmons First National Bank | Pine Bluff | AR | 3890 | 663245 |
| 23968 | Simmons First Trust Company, National Association | Pine Bluff | AR | 35526 | 2868352 |
| 16921 | Siouxland National Bank | South Sioux City | NE | 23270 | 472951 |
| 24737 | Solera National Bank | Lakewood | CO | 58534 | 3397233 |
| 24623 | Sonoran Bank, National Association | Phoenix | AZ | 58252 | 3450950 |
| 24430 | South Central Bank, National Association | Chicago | IL | 19536 | 18135 |
| 23801 | South County Bank, National Association | Rancho Santa Margarita | CA | 35069 | 2854494 |
| 23670 | South Padre Bank, National Association | South Padre Island | TX | 34950 | 2783772 |
| 15651 | Southeast First National Bank | Summerville | GA | 19819 | 563934 |
| 23827 | Southeast National Bank | Davenport | IA | 35109 | 955548 |
| 24665 | Southern Commerce Bank, National Association | Tampa | FL | 26970 | 310437 |
| 23919 | Southern First Bank, National Association | Greenville | SC | 35295 | 2849801 |
| 12346 | Southwest National Bank | Wichita | KS | 4801 | 499855 |
| 8727 | Southwest National Bank | Weatherford | OK | 4076 | 1014059 |
| 23081 | Southwestern National Bank | Houston | TX | 34319 | 2625724 |
| 25022 | Sovereign Bank, National Association | Wilmington | DE | 29950 | 722777 |
| 15198 | St. Martin National Bank | St. Martin | MN | 18937 | 856159 |
| 21603 | Standing Stone National Bank | Lancaster | OH | 27506 | 1390324 |
| 13614 | State National Bank of Texas | Iowa Park | TX | 3270 | 588058 |
| 18045 | State Street Bank and Trust Company National Association | New York | NY | 24938 | 93619 |
| 18607 | State Street Bank and Trust Company of California, National As: | Los Angeles | CA | 26474 | 812164 |
| 23457 | Stearns Bank Holdingford National Association | Holdingford | MN | 10160 | 1011656 |
| 15576 | Stearns Bank National Association | St. Cloud | MN | 10988 | 141556 |
| 23458 | Stearns Bank Upsala National Association | Upsala | MN | 9336 | 208459 |
| 13295 | Sterling National Bank | New York | NY | 7220 | 64619 |
| 25007 | Stifel Trust Company, N.A. | St. Louis | MO | 59065 | 4257594 |
| 14369 | Stillman Banccorp National Association | Stillman Valley | IL | 9263 | 407645 |
| 5347 | Stillwater National Bank and Trust Company | Stillwater | OK | 4201 | 398350 |
| 14302 | Stockmens National Bank in Cotulla | Cotulla | TX | 14864 | 818652 |
| 18008 | Stone County National Bank | Crane | MO | 24858 | 167556 |
| 12095 | Stroud National Bank | Stroud | OK | 4204 | 521952 |
| 24833 | Summit Bank, National Association | Panama City | FL | 58786 | 3696936 |
| 18154 | Summit National Bank | Hulett | WY | 25054 | 78559 |