IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

U.S. NATIONAL BANK ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7,

        Plaintiff,

v.

LORI A. REED,

        Defendant.

LORI A. GIBSON, fka Lori A. Reed, and SHON L. GIBSON,

        Plaintiffs,

v.

PNC BANK, NATIONAL ASSOCIATION, successor in interest by acquisition and merger of First Franklin, a Division of National City Bank of Indiana, UBS REAL ESTATE SECURITIES, INC.; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7; BANK OF AMERICA, N.A., as Successor in Interest to Countrywide Home Loan Servicing, LP and BAC Home Loans Servicing, LP; and RECONSTRUST COMPANY, N.A.,

        Defendants.

Case No. 1:12-cv-01542-CL

REPORT & RECOMMENDATION

---

CLARKE, Magistrate Judge.

Page 1 – REPORT AND RECOMMENDATION

Plaintiffs Lori Gibson, fka Lori Reed ("Lori Gibson") and Shon Gibson bring this wrongful foreclosure case against defendants PNC Bank, National Association ("PNC Bank"); U.S. Bank National Association, as Trustee, for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 ("U.S. Bank"); Bank of America, N.A.; and ReconTrust Company, N.A. ("Recontrust") (collectively, "defendants"). Currently before the court is defendants' motion to dismiss (#8) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b) or, in the alternative, to require Lori and Shon Gibson to show cause why Ron Gibson is not an indispensable party to the litigation pursuant to Rule 12(b)(7) and 19. For the reasons stated below, defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

In April 2005, Lori Gibson obtained a $204,800 mortgage loan to finance real property located at 3043 Cody Street, in Medford, Oregon ("the Property"). The loan was secured by a Deed of Trust identifying Lori Reed as the borrower, First Franklin as the lender, and First American Title as the trustee. As reflected in an Assigned of Deed of Trust recorded on August 3, 2011, First Franklin assigned its interest to U.S. Bank. U.S. Bank subsequently appointed ReconTrust as successor trustee and recorded an Appointment of Successor Trustee.

In April 2009, Lori Gibson defaulted on the loan. On August 3, 2011, ReconTrust recorded a Notice of Default and Election to Sell, scheduling a sale for December 12, 2011. On December 5, 2011, Lori Gibson quitclaimed her interest in the Property to Ron Gibson, Shon Gibson's father. The deed stated:

> For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at 3043 Cody St., City of Medford, State of Oregon.

Compl., Ex. K, p. 1.

Page 2 – REPORT AND RECOMMENDATION

On December 19, 2011, the property was sold to U.S. Bank via trustee's sale for $135,000.

On July 6, 2012, Lori and Shon Gibson filed a Complaint in the Jackson County Circuit Court, seeking a declaratory judgment that the foreclosure sale was invalid, that Lori Gibson was the owner in fee simple of the Property with the exclusive right to possess the Property, and that no third party had an interest in the Property. Lori and Shon Gibson also sought a permanent injunction enjoining U.S. Bank from seeking possession of the Property. The case was removed to federal court on August 27, 2012 (#1).

## STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g.*, Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). Under Article III of the Constitution, federal judicial power extends only to "Cases" and "Controversies." U.S. CONST., art. III, § 2, cl. 1. Article III standing is thus a threshold requirement for federal court jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). At a constitutional minimum, standing requires the party invoking federal jurisdiction to establish three elements: (1) injury in the form of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the likelihood, not mere speculation, that a favorable decision will redress the injury. Id. at 560-61 (*internal citations and quotation marks omitted*).

## DISCUSSION

The court recommends that this case be dismissed because neither Lori Gibson nor Shon Gibson had an ownership interest in the Property at the time of the foreclosure sale. A threshold