IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

U.S. NATIONAL BANK ASSOCIATION, AS
TRUSTEE, FOR THE HOLDERS OF THE
FIRST FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2005-FF7,

            Plaintiff,

      v.

LORI A. REED,

            Defendant.

LORI A. GIBSON, fka Lori A. Reed, and SHON L.
GIBSON,

            Plaintiffs,

      v.

PNC BANK, NATIONAL ASSOCIATION,
successor in interest by acquisition and merger of
First Franklin, a Division of National City Bank of
Indiana, UBS REAL ESTATE SECURITIES, INC.;
U.S. BANK NATIONAL ASSOCIATION, as
Trustee for the Holders of First Franklin Mortgage
Loan Trust, Mortgage Loan Trust, Mortgage Loan
Asset-Backed Certificates, Series 2005-FF7; BANK
OF AMERICA, N.A., as Successor in Interest to
Countrywide Home Loan Servicing, LP and BAC
Home Loans Servicing, LP; and RECONSTRUST
COMPANY, N.A.,

            Defendants.

Case No. 1:12-cv-01542-CL

REPORT & RECOMMENDATION

_____

CLARKE, Magistrate Judge.

Page 1 – REPORT AND RECOMMENDATION

Plaintiffs Lori Gibson, fka Lori Reed ("Lori Gibson") and Shon Gibson bring this wrongful foreclosure case against defendants PNC Bank, National Association ("PNC Bank"); U.S. Bank National Association, as Trustee, for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF7 ("U.S. Bank"); Bank of America, N.A.; and ReconTrust Company, N.A. ("Recontrust") (collectively, "defendants"). Currently before the court is defendants' motion to dismiss (#8) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b) or, in the alternative, to require Lori and Shon Gibson to show cause why Ron Gibson is not an indispensable party to the litigation pursuant to Rule 12(b)(7) and 19. For the reasons stated below, defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

In April 2005, Lori Gibson obtained a $204,800 mortgage loan to finance real property located at 3043 Cody Street, in Medford, Oregon ("the Property"). The loan was secured by a Deed of Trust identifying Lori Reed as the borrower, First Franklin as the lender, and First American Title as the trustee. As reflected in an Assigned of Deed of Trust recorded on August 3, 2011, First Franklin assigned its interest to U.S. Bank. U.S. Bank subsequently appointed ReconTrust as successor trustee and recorded an Appointment of Successor Trustee.

In April 2009, Lori Gibson defaulted on the loan. On August 3, 2011, ReconTrust recorded a Notice of Default and Election to Sell, scheduling a sale for December 12, 2011. On December 5, 2011, Lori Gibson quitclaimed her interest in the Property to Ron Gibson, Shon Gibson's father. The deed stated:

> For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at 3043 Cody St., City of Medford, State of Oregon.

Compl., Ex. K, p. 1.

On December 19, 2011, the property was sold to U.S. Bank via trustee's sale for $135,000.

On July 6, 2012, Lori and Shon Gibson filed a Complaint in the Jackson County Circuit Court, seeking a declaratory judgment that the foreclosure sale was invalid, that Lori Gibson was the owner in fee simple of the Property with the exclusive right to possess the Property, and that no third party had an interest in the Property. Lori and Shon Gibson also sought a permanent injunction enjoining U.S. Bank from seeking possession of the Property. The case was removed to federal court on August 27, 2012 (#1).

## STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g.*, Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). Under Article III of the Constitution, federal judicial power extends only to "Cases" and "Controversies." U.S. CONST., art. III, § 2, cl. 1. Article III standing is thus a threshold requirement for federal court jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). At a constitutional minimum, standing requires the party invoking federal jurisdiction to establish three elements: (1) injury in the form of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the likelihood, not mere speculation, that a favorable decision will redress the injury. Id. at 560-61 (*internal citations and quotation marks omitted*).

## DISCUSSION

The court recommends that this case be dismissed because neither Lori Gibson nor Shon Gibson had an ownership interest in the Property at the time of the foreclosure sale. A threshold

requirement for standing is that plaintiffs suffered a concrete and particularized injury. Lujan, 504 U.S. at 560-561. A property owner's loss of their home through a flawed foreclosure proceeding is a concrete and particularized injury. Bergquist v. Deutsche Bank Nat. Trust Co., No. 3:11-CV-01303-AC, 2012 WL 3288827, at *2-3 (D. Or. Aug. 10, 2012). In contrast to owners, however, mere occupants or tenants of a property lack standing to challenge a foreclosure. *See* Lettenmaier v. Fed. Home Loan Mort. Corp., No. CV-11-156-HZ, 2011 WL 3476648, at *5 (D. Or. Aug. 8, 2011) (former property owners who were tenants at the time of foreclosure lacked standing to challenge foreclosure proceeding). Here, Lori and Shon Gibson do not have standing because they had no ownership interest in the Property at the time of the foreclosure sale: Lori Gibson quitclaimed her interest in the Property to Ron Gibson prior to the foreclosure sale, and Shon Gibson had no interest in the Property at any time beyond that of a resident.[1]

Lori and Shon Gibson argue that, at a minimum, Lori Gibson had an "equitable ownership interest" in the Property sufficient to confer standing. They allege that Lori Gibson only quitclaimed her interest to Ron Gibson to allow Ron Gibson to obtain the amount required to cure default, and that Ron Gibson then planned to deed the property back to Lori Gibson. Pltf. Memo in Opp. to Def. Mot., pp. 8-9. Because Ron Gibson was not intended to be the *permanent* owner of the Property, they contend, Lori Gibson held an "equitable ownership interest" in the Property when it was foreclosed on, and thus suffered a concrete and particularized injury when the Property was sold.

The court disagrees. The quitclaim deed explicitly states that it transferred "all rights, title, and interest" held by Lori Gibson. In Oregon, when interpreting a deed, the court's

---

[1] The court does not reach the issue of whether Ron Gibson, as the owner of the Property, may bring a claim against defendants.

objective is to "ascertain the meaning that most likely was intended by the parties who entered

into it." James B. House Living Trust ex rel. House v. Thompson, 230 Or.App. 595, 600 (2009)

(*citations omitted*). To do so, the court looks first to the wording of the deed. Id. If the deed's

language is unambiguous, the analysis ends, and the deed is enforced according to its terms. Id.

Here, the quitclaim deed signed by Lori Gibson and Ron Gibson explicitly states that it

"quitclaims and transfers all right, title, and interest" held by Lori Gibson in the Property.

Compl., Ex. K, p. 1. The quitclaim deed is unambiguous and enforceable. Accordingly, Lori

Gibson transferred all of her rights to the Property, including any "equitable ownership interest,"

upon the deed's execution.

Lori and Shon Gibson also argue that Ron Gibson "has elected to release the interest of

the Plaintiff Lori A. Gibson…in the residential real property he previously temporarily acquired

under the Quit Claim Deed…if any, back to Plaintiff Lori A. Gibson." Compl., ¶ 26. The court

agrees with defendants that this statement is a legal nullity. Transfers of property must be in

writing. ORS § 93.020(1). Here, Lori and Shon Gibson have not attached any writing or alleged

that any writing exists that transferred the Property back to Lori Gibson.

Defendants raise a number of additional arguments in support of their motion to dismiss.

Because the court finds that Lori and Shon Gibson do not have standing, however, the court

declines to reach these issues.

### RECOMMENDATION

For the reasons stated above, defendants' motion to dismiss should be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit

Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule

4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* FED. R. CIV. P. 72, 6.

DATED this _____7_____ day of APRIL, 2013

MARK D. CLARKE
United States Magistrate Judge