IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE HOLDERS OF THE FIRST MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF7,<br><br>    Plaintiff,<br><br>  v.<br><br>LORI A. REED,<br><br>    Defendant.<br><br>LORI A. GIBSON fka Loria A. Reed, and SHON L. GIBSON,<br><br>    Plaintiffs,<br><br>PNC BANK, NATIONAL ASSOCIATION, successor in interest by acquisition and merger of First Franklin, a Division of National City Bank of Indiana, et al.,<br><br>    Defendants, | 1:12-cv-1542-CL<br><br>**ORDER** |

1 - ORDER

**PANNER, District Judge:**

Magistrate Judge Mark D. Clarke filed a Report and Recommendation and the matter is now before me. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections and I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct.

The quitclaim deed is unambiguous. It clearly transferred all of plaintiff's interest in the property. Therefore, plaintiff's arguments about the true intentions of the parties are inadmissible. James b. House Living Trust ex rei. House v. Thompson, 230 Or. App. 595, 600 (2009). Any amendment by plaintiff is futile. The report correctly declined to reach the issue of whether Ron Gibson may bring a claim against defendants. (Report, 4 n.1.)

I adopt the Report and Recommendation (#24-1). This matter is dismissed with prejudice.

IT IS SO ORDERED.

DATED this __1__ day of July, 2013.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

2 - ORDER